ANGUS J. McPHERSON *vs.* FRAMINGHAM TRUST COMPANY. June 3, 1965. Decree affirmed with costs of appeal. The plaintiff, who was the payee of several notes which he had acquired in connection with certain conditional sales, indorsed and delivered these notes to the defendant as security for loans made to him by the defendant. In May, 1958, the plaintiff's indebtedness to the defendant (then $19,097.39) was paid in full by the plaintiff. Shortly thereafter the defendant turned over to the plaintiff the notes which it held as security for this indebtedness, or so the judge could have found. The plaintiff contends that when he delivered the notes to the defendant he also delivered to it certain conditional sales contracts which had been entered into in conjunction with the making of the notes. The judge entered a decree dismissing the bill. The evidence is reported but the judge made no findings of facts. In these circumstances the "entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings." *Marlowe* v. *O'Brien,* 321 Mass. 384, 386. The evidence, which was oral and documentary, did not require a finding that the defendant had failed to surrender any conditional sales agreements belonging to the plaintiff. The evidence would support a finding that the defendant had returned to the plaintiff all the documents which it had received from him in connection with the loans. The question was one of fact, and it cannot be said that the findings implied in the decree were plainly wrong. See *Young* v. *Paquette,* 341 Mass. 67, 76.

*Francis L. Swift* for the plaintiff.

*Joseph L. McQuade* for the defendant.

BEATRICE D. PIERCE *vs.* ALEXANDER S. PIERCE. June 3, 1965. Decree reversed. On May 17, 1963, in proceedings for separate support brought by the wife, the Probate Court entered a decree ordering the husband to pay $250 a week for the support of the wife and their four minor children. On November 1, 1963, the husband brought this petition to modify the decree on the ground that the support order was excessive. The judge, after hearing, entered a decree denying the petition. The husband appealed. The evidence is reported but the judge made no findings of fact. The entry of the decree imports a finding of every fact essential to support it. *Attorney Gen.* v. *Woburn,* 322 Mass. 634, 635. The sole question is whether the finding of the judge, implied in the decree, was plainly wrong. See *Young* v. *Paquette,* 341 Mass. 67, 76. The controlling principles in a case of this sort have been set forth in *Coe* v. *Coe,* 313 Mass. 232, 235, and need not be restated. From an examination of the evidence, as to which there was little or no conflict, we are of opinion that the finding implied in the present decree, to the effect that no modification of the earlier decree was required, was plainly wrong. See *Hillery* v. *Hillery,* 342 Mass. 371. We do not undertake to say what the appropriate support order should be. All that we can say is that the payments called for in the earlier decree, in the light of the evidence, are excessive and should be modified.

*Jack London* for Alexander S. Pierce.

*Harold Hestnes* for Beatrice D. Pierce.