FELICE KAHN *vs.* IRVING KAHN (and a companion case[1]).  February 2, 1968. The decree nisi which became absolute granted the wife a divorce for cruel and abusive treatment, and ordered the husband to pay $50 weekly to the wife as alimony, $75 weekly for the support of their two minor children, and to convey to the wife his interest in certain real estate in Newton.  By separate order, which we treat as a decree, the husband was directed to pay into court $1,500 as an allowance for her attorney's services in prosecuting the libel. G. L. c. 208, § 17.  On the wife's petition in equity to establish her interest in certain joint bank accounts and on the husband's counterclaim, the decree ordered the husband to pay her a sum which represented her interest in these accounts, and to deposit in his own and her name as trustees, funds admittedly belonging to the children, to pay $500 as a fee and $500 as expenses to the wife's and husband's attorneys, respectively, and restrained the husband from transferring a note and mortgage held by him on property in Philadelphia.  The husband appeals from the decrees.  The evidence is reported.  There are no findings of fact.  The applicable standard of review is stated in *Levanosky* v. *Levanosky*, 311 Mass. 638, 639.  The findings necessarily implied by the decrees are not plainly wrong.  Alimony may be awarded by way of a gross sum and instalments and a transfer of property in a single case provided the aggregate is not excessive.  *Klar* v. *Klar*, 322 Mass. 59, 60.  On this record we think it is not.  Nor do we think that the award of counsel fees to the wife's counsel is clearly excessive.  See *Hayden* v. *Hayden*, 326 Mass. 587, 596.  The decree in the equity case should be modified by dismissing the husband's counterclaim, *Bordonaro* v. *Vandenkerckhaven*, 322 Mass. 278, 281, and by striking out the provision for payment of a fee and expenses to the husband's attorney.  These items, as the husband's attorney requests, are left to the attorney and his client without the interposition of the court.

*The decrees in the divorce case
are affirmed.
The final decree in the equity
proceeding, as modified, is affirmed.*

*Robert V. Mann* for Irving Kahn.
*Joseph B. Abrams* for Felice Kahn.