EMIL OBER *vs.* FREDA L. OBER.

Berkshire.    November 14, 1972. — January 8, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Divorce,* Cruel and abusive treatment, Alimony.

Repeated, groundless accusations of infidelity made publicly and privately by a wife against her husband which caused him to be upset and angry and were reasonably likely to result in injury to his health warranted a decree of divorce in his favor on the ground of cruel and abusive treatment. [33-34]

An award in a divorce decree of $60.00 a week as alimony to the libellee wife was adequate and was affirmed by this court where it appeared that the libellant was capable of earning between $7000 and $8000 a year from the practice of his profession and that the libellee was capable of working to contribute to her own support [34]; however, a comparison of the libellant's earning capacity and monetary needs with those of the libellee did not justify a provision under G. L. c. 208, § 34, ordering the libellee to convey to the libellant her interest in two parcels of real estate owned by the parties, and such provision must be struck from the decree [35].

LIBEL for divorce filed in the Probate Court for the county of Berkshire on December 18, 1970.

The case was heard by *Cook,* J.

*William A. Schroeder (Anthony M. Arena* with him) for Freda L. Ober.

*Edmund R. St. John, Jr.,* for Emil Ober.

KEVILLE, J.    These are cross libels for divorce for cruel and abusive treatment. On October 12, 1971, a decree nisi was entered in the Probate Court for Berkshire County on the libel of the husband (Emil). The libel of the wife (Freda) was dismissed. Freda has appealed from both of these decrees but has argued only the former, and, therefore, the latter will be affirmed.

The first question for decision is whether the decree nisi is supported by the evidence which is reported. The judge

has made a report of material facts. G. L. c. 215, § 11, as most recently amended by St. 1947, c. 365, § 3. We are to examine the evidence and decide the case according to our judgment, giving due weight to the findings of the probate judge which will not be reversed unless plainly wrong. We are not limited to the facts recited in his report, but from the evidence can find facts not found by him. All questions of law, fact and discretion are open for our decision; and we can find facts contrary to his findings if convinced that he is plainly wrong. *White* v. *White,* 322 Mass. 30, 31.

We conclude as did the judge that Emil is entitled to a divorce on the ground of cruel and abusive treatment although for a different reason. We find the following facts:

The parties have been married for thirty-nine years. Emil is a practicing attorney. Freda has been a legal secretary. He is sixty-six years old. She is sixty-one. They have two adult children. They have lived in Williamstown for several years. Early in 1967, Freda accused Emil of having an affair with a woman client. She repeated the accusation to their friends. She persisted in this accusation publicly and privately for a period of six weeks. She left him in April 1967 and remained away for two years and nine months. During this interval he brought a divorce libel against her for desertion which he later had dismissed. She sought unsuccessfully to institute divorce proceedings against him for adultery.

She returned early in 1970 while he was recuperating from heart surgery. There was an unsuccessful attempt at reconciliation. Trouble commenced as soon as they returned to live in the Williamstown house following his discharge from the hospital. During his convalescence, she renewed her accusation of his improper relationship with the former woman client and made similar accusations concerning him and other women. She took this matter up with his doctor. On several occasions she refused to cook for him. In August 1970 he was hospitalized for a hernia operation. The accusations of infidelity continued until December 1970 when he left her. Her accusations had no basis in fact. While we do not find, as did the judge, that

Emil's health was in fact impaired by these groundless accusations, we do find that her behavior caused him to be upset and angry and that it was reasonably likely that injury to his health would have followed as a natural consequence of her intentional and persistent conduct. We conclude, therefore, that there was no error in the entry of the decree nisi in his favor. See *Bailey* v. *Bailey,* 97 Mass. 373, 381; *Rudnick* v. *Rudnick,* 288 Mass. 256, 257; and *Reed* v. *Reed,* 340 Mass. 321, 323.

We turn to the questions whether the judge's award of $60.00 a week to Freda as alimony is adequate and whether he erred in ordering Freda to convey to Emil her interest in two parcels of real estate. One of them is located in Williamstown and the other in Cheshire, Massachusetts. Freda worked for twenty-two years of their marriage, for twelve years of which she worked without pay as Emil's legal secretary. Emil is capable of earning between $7,000 and $8,000 a year from his practice of the law. Freda has not sought work since early 1970 when she earned $160 a week while living in California. She is capable of working to contribute to her own support. There was no error with respect to the judge's order of $60 a week alimony to Freda.

Neither in his libel nor in his answer to Freda's libel did Emil pray for an award from Freda's estate in the nature of alimony. We assume, however, that the judge relied upon the authority of G. L. c. 208, § 34, in ordering that Freda's interest in the Williamstown home and the Cheshire property be conveyed to Emil. This section provides, "Upon a divorce, or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate in the nature of alimony to the husband."

Emil and Freda own their home in Williamstown, which they bought in 1959, as well as a house in Cheshire. Freda has title to 180 acres of land in Clarksburg assessed for $800 which they purchased during their marriage. There is no evidence of the value of the real estate in Williamstown or Cheshire, nor of their respective contributions to or interests therein. The value of their equity in these two parcels represents ninety percent of their combined assets.

Property taken from the wife's estate and given to the husband by decree based upon G. L. c. 208, § 34, must be in the nature of alimony. The award must be made as a provision for his support and maintenance and not for the purpose of a division of their properties. The general principles which govern the granting of alimony to a wife are applicable in determining whether an award from the wife's estate be decreed in the nature of alimony to the husband. The necessities of the husband, the pecuniary means of the wife, including the value of her interest in their real estate, and the condition in life of the parties, must all be taken into consideration. *Topor* v. *Topor,* 287 Mass. 473. *Coe* v. *Coe,* 313 Mass. 232, 235. A comparison of Emil's earning capacity and monetary needs with those of Freda does not justify the judge's order that she convey her interest in this real estate to Emil.

The decree dismissing Freda's libel is affirmed. The decree on Emil's libel must be modified by striking out that portion with respect to the conveyance of real estate and, as so modified, is affirmed.

*So ordered.*