FIDELINA TOPALIS *vs.* NICHOLAS J. TOPALIS.

Middlesex.    January 15, 1974. — September 26, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Divorce,* Alimony, Support of a child.

In a divorce proceeding, the Probate Court properly acted within its discretionary powers in ordering the libellee, who could not in the foreseeable future support the libellant and their four young children, to convey to her his interest in certain realty, for use as a day care center and a home for her and the children.  [531]

In a divorce proceeding, the Probate Court was not required to make support provisions for the children distinct from those for the wife and in a separate proceeding.  [532]

That the report of material facts in a divorce proceeding did not set out whether realty was held by a husband and wife as tenants by the entirety or held by him outright was irrelevant to the propriety of a decree compelling him to convey all his interest in that realty.  [532]

LIBEL for divorce filed in the Probate Court for the county of Middlesex on December 3, 1971.

The case was heard by *Freedman,* J.

*Robert H. Clewell* for the libellee.

*Margaret S. Travers* for the libellant.

GOODMAN, J.   The libellee, Nicholas Topalis, appeals from that portion of a divorce decree nisi which required him to convey to the libellant, Fidelina Topalis, all his interest in certain real estate as alimony for the support of the libellant and their four children.   The children range in age from two years to twelve years.   The trial judge filed a report of material facts in accordance with G. L. c. 215, § 11; the evidence is not reported.   See *Abrain* v. *Pereira*, 336 Mass. 460, 461-462 (1957).

From the judge's report of material facts it appears that the real estate, valued at about $35,000 subject to a mortgage of about $15,000, consists of a three-family house, a single-room cottage and a two-car garage, all located on a single lot.   At the time of the hearing the libellant occupied one of the apartments in the three-family house.   The other two were rented for a total of $280 monthly; mortgage payments for principal, interest and taxes were $271. The cottage, occupied by the libellee, could be rented for $135 a month.   The judge found that the libellee had contributed nothing to the support of the libellant or the minor children for eighteen months prior to the date of the hearing; they were "on welfare." He "had received a retroactive unemployment check for $900 but did not give the libellant or minor children any part of it."   The libellee was engaged in an export-import business "with uncertain results" and previous to that had also been a welfare recipient.

The judge found that "with ownership of the real estate the libellant will be able to assure a home for herself and minor children, operate a day care center for children" and become totally or substantially self-sufficient.   The judge also found that the libellee "would be unable to adequately support them [his wife and children] in the foreseeable future."   In these circumstances, in the light of the libellee's past performance and prospects, the alimony provision in the decree is well within the scope of the discretion lodged in the Probate Court and is eminently sensible.   "The power of the

Probate Court over alimony is extremely broad under our alimony statute, G. L. c. 208, §§ 34-37." *Surabian* v. *Surabian,* 362 Mass. 342, 348 (1972).

Nor are there, as the libellee contends, any legal obstacles to this disposition. "The Probate Court may order alimony paid in a gross sum or in installments . . . [citing cases]. Specific property may be ordered transferred as payment of alimony . . . [citing cases]." *Surabian* v. *Surabian, supra,* at 348. And this may include the transfer of real property. *Klar* v. *Klar,* 322 Mass. 59, 60 (1947). *Kahn* v. *Kahn,* 353 Mass. 771 (1968). Contrast *Gould* v. *Gould,* 359 Mass. 29, 32 (1971) ("a separate support proceeding . . . [in which] 'the court may not . . . provide for a division . . . of the property of the husband'"). *DiMarzio* v. *DiMarzio, ante,* 174, 177 (1974). There is nothing in the libellee's contention that the judge was required to make support provisions for the children distinct from those for the libellant and in a separate proceeding. Alimony may include an allowance for the wife for the support of the children. *Klar* v. *Klar, supra. Whitney* v. *Whitney,* 325 Mass. 28, 29-31 (1949). *England* v. *England,* 329 Mass. 763, 764 (1952). It is immaterial that the report of material facts does not set out whether the property was held in a tenancy by the entirety or owned outright by the libellee. In either event the decree was proper.

Costs and expenses of this appeal may be allowed to the libellant or her counsel in the discretion of the Probate Court. G. L. c. 208, § 38, as appearing in St. 1933, c. 288. *Whitney* v. *Whitney,* 325 Mass. 28, 33 (1949).

*Decree affirmed.*