LILLIE MARIE ROBERTS *vs.* TURNER RAY ROBERTS. December 5, 1975. The libellee appeals from that portion of a divorce decree nisi (granted February 14, 1974, for desertion) which requires him, as alimony, either to pay the libellant the sum of $40 per week for a period of three years or to convey to her his interest in their jointly owned real property in North Carolina. The evidence is not reported; the trial judge filed a report of material facts (G. L. c. 215, § 11, as amended through St. 1947, c. 365, § 3). We have examined the report of material facts, bearing in mind that the discretion of the judge, who has seen and heard the parties and has acquired expertise in these matters, is "extremely broad." *Surabian* v. *Surabian,* 362 Mass. 342, 348 (1972). *Coe* v. *Coe,* 313 Mass. 232, 235 (1943). *Topalis* v. *Topalis,* 2 Mass. App. Ct. 530, 532 (1974). See *O'Brien* v. *O'Brien,* 325 Mass. 573, 576 (1950). And we are cognizant that we look to the report of material facts to see "whether the facts reported, together with such inferences as may be properly drawn from them by this court, should in law require a decree different from that which was entered in the Probate Court." *Brown* v. *Brown,* 323 Mass. 332, 333 (1948). See *Coe* v. *Coe,* 313 Mass. at 233-234; *Miranda* v. *Miranda,* 350 Mass. 478, 481 (1966). *Sodones* v. *Sodones,* 366 Mass. 121, 126-127 (1974). *Lynch* v. *Lynch,* 1 Mass. App. Ct. 589, 590 (1973). *Mezoff* v. *Mezoff,* 2 Mass. App. Ct. 799, 799 (1974). See also *Ober* v. *Ober,* 1 Mass. App. Ct. 32, 35 (1973). However, in this case we are constrained to hold that the facts found by the judge afford no basis in law for the decree. The report is almost completely devoted to chronicling the financial arrangements of the parties, particularly with respect to their jointly held real property in North Carolina, which the judge characterized as "the real bone of contention." From the report, we know little more than that the parties had no children, that the libellant is trained as a nurse's aide, and that the libellee is employed. The report of material facts makes no mention of — and there is nothing in the report to indicate, what, if any, consideration was given to — the income, earning capacity, or the requirements of the parties. *Ober* v. *Ober,* 1 Mass. App. Ct. at 34-35, and cases cited. Financial statements were indeed submitted (see Rule 49 of the Probate Courts [1973], now Rule 401, Domestic Relations Special Rules); but the judge did not refer to them in his findings. They are far from clear, and we do not know whether he considered them or what credence, if any, he gave them. Therefore, the alimony order of

$40 per week for three years cannot stand; and the alternative award of the real estate interest must likewise fail for the same reasons — not, however, because (as the libellee suggests) the transfer of real estate is involved. See *Topalis* v. *Topalis,* 2 Mass. App. Ct. at 532. Accordingly, so much of the decree nisi as relates to alimony is reversed; and the case is remanded for further proceedings on the question of alimony, which may now take into account the amendment of G. L. c. 208, § 34, effected by St. 1974, c. 565. *Milo* v. *Milo, ante,* 732 (1975). Contrast *Wilson* v. *Wilson,* 352 Mass. 767 (1967).

*So ordered.*

*Herbert D. Lewis* for the libellee.
*J. Sherman Rogan* for the libellant.