GAIL E. MORAN *vs.* STEPHEN F. MORAN. March 3, 1977. The appellant (wife) was granted a decree nisi of divorce and awarded custody of her children. She appeals from that portion of the decree ordering her to convey her interest as a tenant by the entirety in the marital home to the appellee (husband) and asks that he be ordered instead to convey his interest in the home to her. She also requests, inter alia, that the decree be amended to require the husband to pay her sixty-five dollars a week as alimony. We have before us a transcript of the evidence, the parties' financial statements and the probate judge's voluntary report of material facts which appears to contain all of the

findings upon which the judge based his decree.[1] The purpose of a report of material facts is to set out the findings on which the judge's decision rested to enable appellate courts to test the correctness in law of that decision. *Vergnani* v. *Vergnani,* 321 Mass. 699, 700 (1947). "Such findings are in 'the nature of an extension of the record in the form of a statement of facts in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for hearing on the appeal.'" *Cesarone* v. *Cesarone,* 329 Mass. 217, 220 (1952), quoting from *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214 (1931). Here we find the report inadequate to support the decree. See *Wyman* v. *Wyman,* 3 Mass. App. Ct. 358, 360 (1975); *Roberts* v. *Roberts,* 3 Mass. App. Ct. 789 (1975). Since judges have now been given broad discretion to deal with the division of property in divorce proceedings by G. L. c. 208, § 34, as amended by St. 1974, c. 565, "it is important that a judge's findings clearly indicate that he has weighed all the statutory considerations." *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976). The judge here made no findings based upon the parties' financial reports, and we do not know what, if any weight he accorded those reports. *Roberts, supra.* Although the evidence is reported, this is not an appropriate case for findings to be made at the appellate level. We are not in a position to judge the credibility of the witnesses (compare *Investors Automotive Holding Co. Inc.* v. *Donovan,* 2 Mass. App. Ct. 332, 334 [1974]) and the financial statements filed by the parties are now nearly two and one-half years old. Furthermore, the remaining evidence is insufficient to enable us, or the probate judge, to form a basis for an appropriate order of alimony or for an equitable division of the disputed property. See *Putnam* v. *Putnam, ante,* 10, 17 (1977). We reverse that portion of the decree ordering conveyance of the wife's interest in the home to the husband and remand the case for a further hearing on the issues of alimony and property division.[2] See *Roberts, supra.* Costs and expenses of this appeal, including counsel fees, are to be awarded to the wife in the discretion of the Probate Court. G. L. c. 208, § 38, as appearing in St. 1933, c. 288. *Lynch* v. *Lynch, ante,* 167, 170-171 (1977).

*So ordered.*

*Gerald L. Nissenbaum* for the plaintiff.
*Theodore J. Dennis* for the defendant.

---

[1] Under G. L. c. 215, § 11, as amended through St. 1947, c. 365, § 3, the judge was not required to report his findings in the absence of a request by a party entitled to appeal. See now Mass.R.Dom.Rel.P. 52(a) (1975).

[2] It is to be borne in mind that should the parties desire to have the judge report his new findings, the requirements of Mass.R.Dom.Rel.P. 52(a) (1975) are to be followed.