GAETANO ROSE PELUSO *vs.* CHARLES S. PELUSO. December 30, 1977. The libellee appeals from a decree entered in a Probate Court on April 2, 1973, modifying a divorce decree which had been entered on June 18, 1971. The case is before us on the judge's report of material facts. The evidence is not reported. Appended to the libellee's brief is an affidavit purporting to set out testimony and occurrences before the judge at the hearing on the libellant's petition which was held on April 2, 1973. The libellee's brief is laced with "facts" from that affidavit, which does not appear to be part of the record. We have considered neither the affidavit nor those "facts." *Currens* v. *Assessors of Boston,* 370 Mass. 249, 253-254 (1976). The decree appealed from ordered the libellee to convey his interest in two parcels of land in Yarmouth "as alimony." That decree was entered long before the effective dates of St. 1974, c. 565 (October 17, 1974), which amended G. L. c. 208, § 34, and Uniform Practices of Probate Courts XIV (effective April 1, 1974). "The controlling principles in a case of this sort have been set forth in *Coe* v. *Coe,* 313 Mass. 232, 235 [1943], and need not be restated." *Pierce* v. *Pierce,* 349 Mass. 762 (1965). See also *Wilson* v. *Wilson,* 329 Mass. 208, 211 (1952). We conclude that the pertinent facts reported by the judge, when examined in the light of those principles, were not sufficient to support the entry of the decree; therefore the decree was clearly erroneous. See *Roberts* v. *Roberts,* 3 Mass. App. Ct. 789, 789-790 (1975). We note that the present petition should have been brought under G. L. c. 208, § 34, rather than under G. L. c. 208, § 37, because the original decree contained no provision for alimony. See *Kinosian* v. *Kinosian,* 351 Mass. 49, 51-52 (1966); *Wyman* v. *Wyman,* 3 Mass. App. Ct. 358, 359 n.2 (1975). If a new action is brought under G. L. c. 208, § 34, the provisions of that section as most recently amended by St. 1977, c. 467, will govern. See *Rice* v. *Rice,* 372 Mass. 398, 401 (1977).

*Decree reversed.*

The case was submitted on a brief.

*Gerald S. Garnick & Michael J. Princi,* for Charles S. Peluso.