JOAN P. MAZE vs. STEVE J. MIHALOVICH.

Middlesex. February 13, 1979. — March 29, 1979.

Present: HALE, C.J., ROSE, & PERRETTA, JJ.

*Divorce*, Division of property. *Res Judicata*.

Where property rights of parties to a divorce have not been previously adjudicated, the Probate Court, upon consideration and findings relative to the statutory criteria, may assign property pursuant to G. L. c. 208, § 34, after a judgment of divorce has become absolute. [324-326]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on November 17, 1976.

A motion to dismiss was heard by *Freedman*, J.

The case was submitted on briefs.

*Timothy H. Gailey* for the plaintiff.

*Louis M. Saab* for the defendant.

HALE, C.J. On March 12, 1976, the plaintiff was granted a judgment of divorce nisi on the ground of cruel and abusive treatment. The judgment granted the plaintiff custody of the couple's two minor children and ordered the defendant to pay $35 a week as alimony and child support but made no provision as to any real or personal property. From the pleadings it appears that at the time of the divorce, the parties held title to a certain parcel of real estate as tenants by the entirety. The divorce became final on September 12, 1976, and the parties' interest in the real estate became that of tenants in common. The plaintiff was notified on October 8, 1976, that the defendant intended to seek partition of the property. The plaintiff then brought an action in Probate Court seeking a conveyance to her of the defendant's interest in the real estate pursuant to G. L. c. 208, § 34. The defendant's mo-

tion to dismiss the action, based on the ground that G. L. c. 208, § 34, "does not provide authority to convey real estate at a time subsequent to a divorce when an order of alimony has been made in the judgment of divorce," was allowed.

As no judgment was entered (Mass.R.Dom.Rel.P. 58[a] [1975]), the case is prematurely before us. However, as nothing remains to be done but a ministerial act of entering judgment, we express our opinion on the issues. Compare *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977). We conclude that where the property rights of the parties have not been previously adjudicated, the Probate Court, upon consideration and findings relative to the statutory criteria (*Bianco* v. *Bianco*, 371 Mass. 420, 422-423 [1976]; *Rice* v. *Rice*, 372 Mass. 398, 401 [1977]; *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 14 [1977]), may assign property pursuant to G. L. c. 208, § 34 (as amended through St. 1975, c. 400, § 33), after a judgment of divorce has become absolute.

Section 34 provides that alimony may be awarded "[u]pon a divorce or upon motion in an action brought *at any time after a divorce*" and that "*[i]n addition to* or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other" (emphasis supplied). Where, as here, the statutory language is unambiguous we need not resort to legislative history or other sources to clarify legislative intent; we look to the language itself, giving it its natural and unrestrained meaning. *Parker* v. *Parker*, 211 Mass. 139, 144 (1912). *Chouinard, petitioner*, 358 Mass. 780, 782 (1971). *Rice* v. *Rice*, 372 Mass. at 400.

The defendant contends that the plaintiff is seeking additional relief in the "nature of alimony." He maintains that the provisions of G. L. c. 208, § 37, would be circumvented if an action for the assignment of property were allowed after an award of alimony had been made and that § 34 is a traditional alimony statute to which the Legislature would not have added broad new provisions

for property division.[1] These contentions wholly miss the thrust of *Bianco* v. *Bianco,* 371 Mass. at 422 n.2, wherein it was noted that the language of § 34 "points the way to a property award which is other than alimony."

Prior to the amendment of § 34 in 1974, the courts had jurisdiction to order the conveyance of property in a lump sum as alimony. *Kahn* v. *Kahn,* 353 Mass. 771 (1968). *Topalis* v. *Topalis,* 2 Mass. App. Ct. 530, 532 (1974). The courts also could settle property rights between a husband and wife pursuant to their general equity powers. G. L. c. 215, § 6. Upon amendment of § 34, the courts were empowered "to deal broadly with property and its equitable division in ways not previously authorized." *Bianco* v. *Bianco, supra* at 422. *Putnam* v. *Putnam,* 5 Mass. App. Ct. at 13-14. *Moran* v. *Moran,* 5 Mass. App. Ct. 787 (1977). Therefore, quite apart from alimony, "the court may [now] award to the wife a portion of the husband's separate estate in recognition of the vital and substantial, although nonmonetary, contribution which she has made to the marital partnership." Inker, Walsh & Perocchi, Alimony and Assignment of Property: The New Statutory Scheme in Massachusetts, 10 Suffolk U.L.Rev. 1, 8 (1975) (hereinafter Inker et al.).[2]

The defendant argues that the language of § 34 should be construed so as to permit the court to grant either or both types of relief authorized by § 34 only once; namely, at the time of divorce or at a later time. Prior to amend-

---

[1] Along the same lines, the defendant argues that if the Legislature had intended the creation of broad new powers, G. L. c. 208, § 34A, would have been amended to reflect the change. Section 34A is primarily an enforcement provision, providing "a procedure by which an order to transfer real estate may be fulfilled if the order has not been complied with by delivery of a deed prior to the decree's becoming absolute." *Ricciardelli* v. *Ricciardelli (No. 1),* 4 Mass. App. Ct. 114, 117 (1976).

[2] This article has been cited favorably on previous occasions. See *Bianco* v. *Bianco,* 371 Mass. at 422; *Putnam* v. *Putnam,* 5 Mass. App. Ct. at 13 n.4, 14; *Lynch* v. *Lynch,* 5 Mass. App. Ct. 167, 170 (1977).

ment in 1974,[3] the same language used in § 34 concerning timing was construed to permit a petition for alimony at any time after the divorce where there had been no award of alimony in the original decree. *Parker* v. *Parker, supra* at 141. *Chadbourne* v. *Chadbourne*, 245 Mass. 383, 384 (1923). *Kinosian* v. *Kinosian*, 351 Mass. 49, 52 (1966). See *Peluso* v. *Peluso*, 5 Mass. App. Ct. 906 (1977). None of the defendant's arguments in support of his interpretation of the statutory language persuades us that equitable divisions of property, permitted since the 1974 amendment, which are not made a subject of the divorce action, should be treated differently.

The defendant contends that permitting an action such as the plaintiff's would allow a spouse who failed to obtain a property assignment in the original action to relitigate the issue at a later date and that the doctrine of res judicata would prohibit this result. We have fashioned our opinion to allow for the division of property under G. L. c. 208, § 34, only where such a division has not been previously litigated. See Inker et al., *supra* at 4 n.10. On the other hand, a judgment of divorce only settles those "matters which were necessarily involved and all issues which were actually tried and determined . . . ." *Whitney* v. *Whitney*, 325 Mass. 28, 31 (1949), and cases cited. See also *Cambria* v. *Jeffery*, 307 Mass. 49, 50 (1940). Accordingly, there was no basis in res judicata to dismiss the plaintiff's complaint in this case. The defendant does not seriously contend, in any event, that the matter of equitable division had been litigated at the time the decree nisi was granted.

The motion to dismiss should not have been allowed, but, for the reason stated earlier, this appeal must be dismissed.

*So ordered.*

---

[3] General Laws c. 208, § 34 (prior to amendment by St. 1974, c. 565) provided: "Upon a divorce, or upon petition *at any time after a divorce,* the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband" (emphasis supplied).