MARTHA A. CLOUTIER HAY *vs.* EMERSON L. CLOUTIER.

Barnstable. January 7, 1983. — May 16, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & LYNCH, JJ.

*Divorce and Separation,* Division of property. *Statute,* Retrospective statute. *Res Judicata.*

Where G. L. c. 208, § 34, is applicable and the property rights of parties to a divorce have not been adjudicated previously, a Probate Court judge may assign property pursuant to G. L. c. 208, § 34, after a judgment of divorce has become absolute. [252]

A Probate Court judge may not make a division of property between parties to a divorce pursuant to G. L. c. 208, § 34, if the judgment of divorce has become absolute before the effective date of the amendment of § 34 by St. 1974, c. 565, to provide for an equitable division of property incident to a divorce. [252-254]

LIBEL for divorce filed in the Probate Court for the county of Barnstable on May 13, 1970.

A complaint for modification filed on May 22, 1980, was heard by *Lewis,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard J. Cain* for Emerson L. Cloutier.

*Joseph S. Tangusso* for Martha A. Cloutier Hay.

LIACOS, J. In *Ross v. Ross,* 385 Mass. 30 (1982), this court dealt with the issue whether G. L. c. 208, § 34, as appearing in St. 1974, c. 565, effective October 17, 1974, was applied properly to a divorce proceeding in which a judgment nisi of divorce was entered on May 23, 1974, and became a judgment absolute after October 17, 1974. We held that G. L. c. 208, § 34, applied, but made it clear that we did not reach the issue whether G. L. c. 208, § 34, would apply retroactively to a judgment of divorce that became absolute before October 17, 1974. This case presents that issue. We

hold today that G. L. c. 208, § 34, to the extent that it refers to an assignment of the estate of a party, is not to be applied retroactively.[1]

The facts giving rise to this appeal are as follows. The parties were married on June 17, 1941. They have four children, the last child being a granddaughter of the parties, whom they adopted during their marriage.

A judgment nisi was granted to the plaintiff on October 12, 1971, on the ground of cruel and abusive treatment. Custody of the minor child was granted to the wife. Visitation rights were granted to the husband, and he was ordered to pay $100 a week alimony for the plaintiff's support and $50 a week for child support. The judgment became absolute on April 13, 1972.

Shortly after the divorce in 1971, the parties effected a reconciliation. The parties resumed living together with the adopted daughter in the marital home from 1972 to 1980. They did not remarry. After they separated in 1980, the wife married her present husband.

On May 22, 1980, the wife filed a complaint for modification seeking provision of medical and dental care for herself and the minor child, as well as a division of marital assets, pursuant to G. L. c. 208, § 34, as appearing in St.

---

[1] The language of the statute is as follows: "Upon divorce or upon motion in an action brought at any time after a divorce, the court may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit." G. L. c. 208, § 34, as appearing St. 1977, c. 467. It is clear that the assignment of property authorized by the statute is other than as alimony. *Bianco* v. *Bianco*, 371 Mass. 420, 422 n.2 (1976).

1974, c. 565.[2] After trial, a judge of the Probate Court entered judgment, findings of fact, and conclusions of law, pursuant to G. L. c. 208, § 34, which, in effect, divided the marital estate of the parties as it existed at the time of the hearing in 1981.[3]

The defendant asserts in his appeal before this court that the conversion of certain tenancies by the entirety to tenancies in common by operation of law as a result of the judgment of divorce was res judicata,[4] and that G. L. c. 208, § 34, was not meant to be applied retroactively. He argues that the Probate Court did not have jurisdiction to make a property division where the divorce absolute occurred prior to the effective date of the statute. The defendant admits that, other than by operation of law, no division of property was made by the judgment of divorce.

During their marriage, both parties worked diligently in the acquisition and preservation of their marital assets, with the wife being primarily a homemaker. In 1971, the marital estate included, among other things, ownership as tenants by the entirety of the marital home and a vacant commercial lot. The husband alone owned 60% of the shares of stock in his dry cleaning business to which the

---

[2] The plaintiff is not seeking a revision of a judgment of alimony because of changes in circumstances pursuant to G. L. c. 208, § 37. She contends simply that modification should be granted because of the failure of the original judgment to provide for property division and medical and dental care.

Some time after the wife filed the complaint for modification, she relinquished custody of the adopted daughter, who now resides with the defendant. In view of the plaintiff's remarriage and the change in custody, the probate judge ordered the termination of alimony and support payments.

[3] The probate judge stated that she was concerned only with the period of the thirty years of marriage for the purposes of a division of property under G. L. c. 208, § 34. Nevertheless, the judge appears to have distributed the property as the estate existed in 1981, nine years after the divorce.

[4] See *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490 (1927) ("operation of a divorce of the parties upon a tenancy by the entirety creates a tenancy in common").

plaintiff had lent her name and credit for various business transactions. After the divorce, each party retained a one-half share of the marital home and the commercial lot as tenants in common. There was no distribution of the shares of stock from the husband's business.[5] During the years of their reconciliation, the parties divided the vacant lot, commercially developed and sold some portions, and retained a small portion. As a result of the sale, the parties now hold the remaining portion and two income-producing mortgage notes as tenants in common.

Several months after conclusion of the trial on the modification request, the probate judge requested that the defendant file a current financial statement. The defendant complied with, but objected to, the requirement.

The judge made extensive findings as to the contributions made by the parties during the marriage. She concluded that, where the property rights of the parties had not been adjudicated previously, the Probate Court could assign property pursuant to G. L. c. 208, § 34.[6] The judgment made the following distribution of marital assets in recognition of the wife's nonmonetary contribution to the marital partnership: (1) to the wife went all the husband's interest as a tenant in common in the marital home; (2) to the wife went all the husband's interest as a tenant in common in the remaining portion of the commercial lot; (3) to the wife went sole ownership of the mortgage note bearing the higher interest rate; (4) to the husband went sole ownership in the other mortgage note; (5) to the husband remained his stock interest in his business, his pension plan, and his interest in two business notes; (6) to the husband remained full ownership in his securities and money market funds;

---

[5] The defendant is now the sole stockholder in his dry cleaning business.

[6] The probate judge previously had denied a motion by the defendant to dismiss the complaint for modification for lack of jurisdiction under G. L. c. 208, § 34, and a so called motion by the defendant for a directed verdict because of the failure of the plaintiff to produce evidence of facts as they existed in 1971, and because of the prospective nature of G. L. c. 208, § 34.

(7) to the wife remained sole ownership of her Hummel figurines, her jewelry, cash, and stock; (8) to the wife from the husband, a payment of $50,000 cash; (9) to the wife, ownership of all furniture, furnishings, and household goods, with the exception of a roll-top desk to the husband; (10) to each party remained ownership of their respective automobiles; and (11) to the wife from the husband, payment of $5,000 toward her counsel's fees.

1. *Issue preclusion (res judicata)*. A judgment of divorce only resolves matters which were actually involved, litigated, and determined. *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 326 (1979). The defendant does not argue that a division of marital property was adjudicated at the prior divorce hearing. See *Talbot* v. *Talbot*, 13 Mass. App. Ct. 456, 459 (1982). Res judicata would prohibit a property division only where such a division previously has been litigated. *Maze* v. *Mihalovich, supra.* See H.H. Clark, Domestic Relations § 14.4, at 433-434 (1968). There was no error by the probate judge in refusing to dismiss the wife's action on this ground. Where G. L. c. 208, § 34, is applicable and the property rights of parties to a divorce have not been adjudicated previously, the Probate Court judge, upon consideration and findings in accordance with the statutory criteria, may assign property after a judgment of divorce has become absolute pursuant to G. L. c. 208, § 34. See *Maze* v. *Mihalovich, supra* at 324-326. See also *Foster* v. *Foster*, 10 Mass. App. Ct. 829, 829-830 (1980); *Putnam* v. *Putnam*, 7 Mass. App. Ct. 672, 674-675 (1979); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 13-15 (1977).

2. *Retroactivity of G. L. c. 208, § 34.* Statute 1974, c. 565, which rewrote G. L. c. 208, § 34, became effective October 17, 1974. The judgment divorcing the Cloutiers became absolute on April 13, 1972, more than two years prior to the effective date of St. 1974, c. 565.

Section 34 states in part that "[u]pon divorce or upon motion in an action brought *at any time after a divorce,* the court may make a judgment for either of the parties *to pay*

*alimony to the other.* In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other." (Emphasis added.) G. L. c. 208, § 34, as appearing in St. 1977, c. 467. The plaintiff argues that this statutory language is unambiguous and applies to both alimony and division of property and that its plain meaning clearly provides for retroactive application as to the latter.[7] We disagree. We have repeatedly stated that "[t]he general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such effect manifestly is required by unequivocal terms." *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914). While the language in § 34 clearly and unambiguously establishes the authority of the Probate Court to divide all property to which the parties hold title, however acquired, it does not indicate an intention of the Legislature to have the amended § 34 apply retroactively in this regard. See *Rice* v. *Rice*, 372 Mass. 398, 400 (1977).

Prior to changes accomplished by St. 1974, c. 565, G. L. c. 208, § 34, authorized the Probate Court to award specific property "in the nature of alimony." "But the allowance was solely for the purpose of support and not for the purpose of a division of property." *DuMont* v. *Godbey*, 382 Mass. 234, 235 (1981). See *Coe* v. *Coe*, 313 Mass.

---

[7] In *Talbot* v. *Talbot*, 13 Mass. App. Ct. 456 (1982), the Appeals Court held that where a pre-October 17, 1974, judgment of divorce made no provision for alimony, the language in the first sentence, "or upon motion in an action brought any time after a divorce," authorized a judgment for alimony pursuant to a complaint brought in 1980. We note that the husband in that case did not deny a material change of circumstances since entry of the earlier judgment. Cf. G. L. c. 208, § 37. The issue of alimony is not before us in this case.

232, 235 (1943); *Peluso* v. *Peluso,* 5 Mass. App. Ct. 906 (1977). The purpose of § 34, as rewritten, "is to provide a mechanism whereby no matter how the property has been acquired or how it is held, the court can distribute it between the parties in such a way as to provide for a balanced disposition and economic justice." Ginsburg, M.G.L. c. 208, § 34 — Some Observations About the Division of Property Leading to Predictability and Consistency, 25 B.B.J. No. 1, at 10 (1981). See *Rice* v. *Rice, supra.* "The basic concept underlying § 34 is that marriage is a partnership, a joint enterprise in which both the breadwinner and the homemaker contributed to the rearing of the children and the accumulation of the marital assets. In dividing the marital assets, both the financial contribution in the accumulation of these assets and the nonfinancial contribution in the rearing of the children and in the running of the home must be taken into account." Ginsburg, *supra.* See *Bianco* v. *Bianco,* 371 Mass. 420, 422-423 (1976).

Clearly, the Legislature enacted St. 1974, c. 565, to correct and remedy the inequities caused by the earlier version of § 34 which did not recognize this concept. See *Zildjian* v. *Zildjian,* 8 Mass. App. Ct. 1, 12-13 (1979). The statute, as amended, "empowers those courts to deal broadly with property and its equitable division *in ways not previously authorized*" (emphasis added). *Bianco* v. *Bianco, supra* at 422. Unlike the provisions for alimony which existed in the earlier version of G. L. c. 208, § 34, St. 1974, c. 565, established a new substantive right of division of the property of the parties. The rules of statutory interpretation attribute prospective application to statutes affecting substantive rights. See *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 626 (1974). Thus, we conclude that the probate judge erred in applying G. L. c. 208, § 34, as appearing in St. 1974, c. 565, retrospectively, so as to divide the property of the parties who were divorced by a final judgment entered prior to October 17, 1974.

Accordingly, the judgment is reversed.[8]

*So ordered.*

---

[8] The order for payment of counsel's fees, incorporated in the judgment, also fails and is to be reversed. See *Hayden* v. *Hayden,* 326 Mass. 587, 595 (1950).