# RESCRIPT OPINIONS.

EILEEN V. MARTIN BROGLE vs. THOMAS J. MARTIN. May 2, 1985. *Divorce and Separation*, Division of property.

By the pertinent terms of the parties' 1975 judgment of divorce, the wife was awarded custody of the parties' five minor children, the husband to pay to the wife the sum of twenty dollars "each and every week for each of said minors"; the wife was to transfer to the husband her "right, title, and interest in and to" their mobile home, situated in Rhode Island, but she was to have "the right to use said Mobile home with said minors at times to be agreed upon between said parties; all until further order of the Court."

The mobile home is apparently located near a beach. In June of 1984, the parties' youngest child, then nineteen years old, was living in the mobile home. She was, however, a full-time college student "domiciled" with the wife, and the husband paid thirty-five dollars a week for her support. See G. L. c. 208, § 28. It was the intention of several of the emancipated children, living in States other than Massachusetts and Rhode Island, to visit the wife during July of 1984. The wife wished to vacation with them and use the mobile home. The husband refused and stated that he intended to sell the mobile home. The wife then brought a motion to "compel compliance" with that part of the 1975 judgment allowing her the use of the mobile home. The motion was heard by a judge other than the judge who had framed the terms of the 1975 judgment. He ordered that the wife "have the use of said mobile home with said children," and he restrained the husband "from selling said mobile home."

It is apparent that in ordering the wife to convey her interest in and title to the mobile home to the husband, see G. L. c. 208, § 34, the judge exercised his discretion reasonably and afforded the wife limited use of the husband's property. The obvious purpose of that provision has not escaped the wife, who spells it out in her motion to compel compliance, that is, "to spend time at the beach with her children." However, by the very language of the judgment, the wife's right of use is limited in duration and ceased, at the latest, with the majority of the youngest of the children. By G. L. c. 4, § 7, Forty-eighth through Fifty-first, as appearing in St. 1973, c. 925, § 1, all in effect as of January 1, 1974 (St. 1973, c. 925, § 84), the youngest child's minority ended on her eighteenth birthday. See generally *Orlandella* v. *Orlandella,* 370 Mass. 225 (1976).

We assume that the husband could be restrained from selling the mobile home if a sale would interfere with any right of use by the wife. However, as the wife's right to use the mobile home had ceased, it was error to restrain the husband from disposing of the property.

The order of June 25, 1984, is vacated and a new order is to enter denying the wife's motion to compel compliance.

*So ordered.*

*Kenneth E. F. Howes* for Thomas J. Martin.