GEORGE J. NIXON, JR. *vs.* CAROLINE M. LEVINSON & another. May 10, 1985. *Divorce and Separation*, Division of property. *Real Property*, Partition.

The plaintiff husband brought a complaint in the Probate Court against the defendants Levinson (his former wife) and Patsy F. Famiglietti, asking that the wife's conveyance of her interest in the former marital residence to Famiglietti be set aside and this interest conveyed to him. The judge dismissed the complaint "without prejudice to the filing of a petition or complaint seeking partition." Reading the husband's complaint favorably to him, *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), we conclude that he has alleged facts which, if proved, would entitle him to relief, and, therefore, we reverse.

We recite the facts as they appear from the husband's complaint, amendments thereto, and attached exhibits. The husband and wife were divorced in 1970. No provision was made in the divorce decree concerning the parties' marital residence or alimony for either party. The husband was ordered to pay support for the parties' three minor children (whose dates of birth do not appear in the record appendix), but that order was revoked when custody of the children was transferred from the wife to the husband in 1971.

It appears that the wife left the Commonwealth some time in 1970. Since her departure, the husband and the children have resided in the former marital home, which, after the divorce, was held by the husband and wife as tenants in common. See *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 490 (1927). On February 23, 1979, the wife conveyed by deed her interest in the property to Famiglietti. The husband, on May 1, 1979, brought this complaint.

As originally filed, the complaint sought a transfer of the property by way of a division under G. L. c. 208, § 34. Thereafter, the husband amended his complaint to allege that the wife's conveyance to Famiglietti was fraudulently made to defeat his request that the wife's interest in the property be awarded to him as alimony, which he also sought by his complaint.

On appeal, the husband concedes that his request for a division of the property was properly dismissed. See *Hay* v. *Cloutier,* 389 Mass. 248, 252-254 (1983).

1. We treat the husband's amended complaint as a request for alimony from the wife under § 34. See *Kellermann* v. *Kellermann,* 10 Mass. App. Ct. 856 (1980), and cases therein cited. Prior to the amendment of § 34, by St. 1974, c. 565, specific property could be awarded a spouse for purposes of support, but not as a division. See *Coe* v. *Coe,* 313 Mass. 232, 235 (1943); *DuMont* v. *Godbey,* 382 Mass. 234, 235 (1981). In amending § 34, the Legislature intended to "empower[ ] . . . [the] courts to deal broadly with property and its equitable division in ways not previously authorized." *Bianco* v. *Bianco,* 371 Mass. 420, 422 (1976). Hence, St. 1974, c. 565, conferred upon the courts the power to make an equitable division of property *in addition* to that power already possessed, to transfer property for purposes of support. If the husband can demonstrate his need for alimony, cf., *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 366-367 (1985), it is within the power and discretion of the judge to transfer the wife's interest, if any, in the property to satisfy any alimony obligation that might be imposed.

2. Whether the wife has an interest in the property, as alleged by the husband, or whether her conveyance of that interest was honest can and should be determined in the same proceeding conducted on the husband's complaint for alimony. It does not appear from the pleadings and attached exhibits whether the conveyance by the wife to Famiglietti was somehow precipitated by an advance warning that she might have had concerning any intention by the husband to seek alimony from her, or whether the husband's complaint for alimony was prompted by her conveyance. Cf. *DuMont* v. *Godbey,* 382 Mass. at 237. There the court stated that "where a divorce is imminent, a spouse may be a 'creditor' under the Uniform Fraudulent Conveyance Act, G. L. c. 109A, § 1, entitled to complain of conveyances designed to frustrate the right to alimony or assignment of property." See also *Tsomides* v. *Tsomides,* 3 Mass. App. Ct. 750 (1975). However, it does not appear that at this time the husband is a creditor of the wife by reason of any judgment against her that he seeks to satisfy, such as in *Foster* v. *Evans,* 384 Mass. 687, 691 (1981). Ultimately, the property may have to be partitioned under G. L. c. 241, § 6. See *Stylianopoulos* v. *Stylianopoulos,* 17 Mass. App. Ct. 64, 65 (1983).

There is, however, no need to put the parties to multiple suits to resolve what is essentially one dispute. We recognize that a complaint "in equity to set aside a fraudulent conveyance . . . [is] not cognizable under general

equity jurisdiction," *Foster* v. *Evans*, 384 Mass. at 691. See G. L. c. 215, § 6, first paragraph. That does not mean, however, that the complaint was properly dismissed for want of jurisdiction. "[A] Probate Court judge faced with such a serious jurisdictional issue should not, in the future, dismiss a complaint on that ground. Instead, the proper procedure is for the judge to ask the Chief Administrative Justice to transfer the case, or the judge, or both, to the appropriate department of the Trial Court. See G. L. c. 211B, § 9, inserted by St. 1978, c. 478, § 110. See also G. L. c. 211, § 4A. Cf. *Glick* v. *Greenleaf*, 383 Mass. 290, 295 n.7 (1981)." *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129 (1981).

3. Accordingly, the judgment is affirmed as to Count I and reversed on Counts II and III.

*So ordered.*

*Stephen E. Woods* for the plaintiff.
*Stephen Gordet* for the defendants.