## YICK WOON YEE *vs.* SHIRLEY YEE.

Norfolk.    December 10, 1986. — February 10, 1987.

Present: GRANT, BROWN, & KASS, JJ.

*Divorce and Separation,* Division of property. *Probate Court,* Findings by judge, Judicial discretion.

This court vacated those portions of a judgment of divorce awarding alimony to the husband and purporting to divide the marital assets, and remanded the case for further proceedings, where it appeared that, by ordering the sale of certain real property owned by the parties only at such time as the wife should be "no longer desirous or capable of maintaining" it and, in the event of such a sale, a division of the proceeds therefrom, the judge had made the sale and the husband's realization of his share of the proceeds contingent on the wife's subjective determination and thus had not "assigned" to the parties any immediately ascertainable shares in the marital property as contemplated by G. L. c. 208, § 34. [485-486]

COMPLAINTS for divorce filed in the Norfolk Division of the Probate and Family Court Department on July 15, 1982, and August 5, 1982, respectively.

The cases were heard by *Sumner Z. Kaplan,* J.

*Kimberly Homan (Jeanne Fong* with her) for the plaintiff.

*Walter E. Palmer,* for the defendant, submitted a brief.

BROWN, J. On cross complaints for divorce pursuant to G. L. c. 208, § 1B, both husband and wife sought alimony and conveyance of the marital residence. The husband challenges the manner in which the judge treated the marital real estate. The husband contends that the trial judge abused his discretion by expressly predicating the husband's realization of his percentage of the real estate upon the wife's desire and capacity to maintain the premises.

The principal marital asset is a three-story apartment building in Brookline which the parties owned as tenants by the entirety.

The property was purchased in 1971 with funds from the parties' joint account. The building has four apartments, including a basement unit. Two of the apartments are not currently producing any income: the wife's relatives live rent-free in the basement apartment, and the wife occupies the first floor. The fair market value of the entire building in 1984 was found to be $235,000, subject to a mortgage of $26,000.

At the time of trial, the husband was sixty-six years old, of low income, and living in an elderly housing project in Boston. He was in poor health and unable to work. The wife was sixty-four years old, in fair health, employed, and of middle income. The judge found that the husband had been responsible for some wasting of the parties' joint assets by his gambling activities.

The judge granted a divorce to both parties on the ground of irretrievable breakdown of the marriage. See G. L. c. 208, § 1B. In his purported division of the martial real estate, the trial judge made appropriate findings with respect to the mandatory and discretionary factors enumerated in G. L. c. 208, § 34. See *Rice* v. *Rice,* 372 Mass. 398, 401-402 (1977); *Warman* v. *Warman,* 21 Mass. App. Ct. 80, 81 (1985). The judge ordered that the wife maintain the marital home, be entitled to all income, and be responsible for all expenses. He further ordered that, in the event the wife is "no longer desirous or capable of maintaining the marital home," the real estate is to be sold and the net amount realized from the sale shall be divided between the parties: 60% to the wife and 40% to the husband. The wife was also ordered to pay $65 a week in alimony to the husband.

The husband does not contest the 60%-40% apportionment as inequitable. Rather, he argues that the judge has abused his discretion by delegating the responsibility of property division to one of the members of this broken marriage.

As entered, the judgment indefinitely postpones the time that the husband may avail himself of a forty-percent interest in this valuable asset. By failing to provide a time limitation on the wife's exclusive use and benefit of the property, the judge made the sale of the home and the resulting realization

of the husband's share of the proceeds contingent on the wife's subjective determination.

General Laws c. 208, § 34, as appearing in St. 1977, c. 467, authorizes the court to "assign to either husband or wife all or any part of the estate of the other." The Probate Court enjoys broad discretion in dividing marital property under G. L. c. 208, § 34, and such determinations will not be revised unless "plainly wrong and excessive." *Redding* v. *Redding,* 398 Mass. 102, 107 (1986). *Caldwell* v. *Caldwell,* 17 Mass. App. Ct. 1032 (1984). Within the limits of the marital partnership concept, a flexible approach is appropriate. *Davidson* v. *Davidson,* 19 Mass. App. Ct. 364, 371 (1985). However, a trial judge's broad authority to dispose of marital property must still be within the proper and reasonable limits of discretion. *Doe* v. *Doe,* 16 Mass. App. Ct. 499, 505 (1983). See *Loud* v. *Loud,* 386 Mass. 473, 474 (1982).

That there be (at least in the absence of the parties' agreement) some definite assignment of property by the court, not the parties, appears inherent in the broad discretion afforded the judge by the language of the statute. In the present case there has not been ordered any immediately ascertainable disposition of the property. Due to the indefiniteness of the court's order and the essentially unguided discretion afforded to the wife, the court has not, in fact, "assigned" the marital property as contemplated by the statute. Given the uncertain language of the proposed 60%-40% apportionment, this issue has not been definitely decided such that the determination would be binding under principles of res judicata. See *Hay* v. *Cloutier,* 389 Mass. 248, 252 (1983); *Maze* v. *Mihalovich,* 7 Mass. App. Ct. 323, 324-326 (1979).

We infer that the judge did not intend to award the whole ownership of the house to the wife as an equitable division of the property, as the husband was not ordered to convey his interest and title in the property to the wife.[1] Compare *Brogle* v.

---

[1] In contrast, the judge ordered the husband to sign any documents and "do all things necessary" to insure the wife's title to all personalty in the house.

*Martin,* 20 Mass. App. Ct. 901 (1985). Similarly, the order cannot be construed as conveying the house to the wife as an award of alimony. See *Nixon* v. *Levinson,* 20 Mass. App. Ct. 904, 905 (1985). The wife was the spouse ordered to pay alimony, as the husband was found to be in need of support in relation to the financial circumstances of his wife. See *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 819 (1985).

The judgment obviously does not preserve the ownership of the property as a tenancy by the entirety which, upon entry of a judgment of divorce absolute, would become a tenancy in common with the attendant right of partition under G. L. c. 241. See *Chiminiello* v. *Chiminiello,* 8 Mass. App. Ct. 806, 807 (1979). The judgment appears to restrict the husband's right of partition, as any sale of the property has been subjected solely to the wife's determination. If the husband chose to proceed with a petition to partition, it could be argued that he had committed contempt of the judgment as entered.

The portion of the judgment pertaining to the settlement of the entire financial relationship (the alimony award and the purported division of assets) of the parties is vacated and the case is remanded for further proceedings in the Probate Court. If as part of the final financial arrangement the judge in his discretion divides the marital real estate, there must be a specific determination of the relative proportions and of the timing of such division. The judge, of course, may enter appropriate temporary orders pending the final financial determination. The portion of the judgment granting the divorce is affirmed.

*So ordered.*