Following a trial in the Probate and Family Court, Terry Gexler was ordered to transfer fifty percent of his pension to his former wife, Leasa Roberts. He appeals, claiming Roberts's postdivorce property division complaint was barred by the doctrines of laches, res judicata, and collateral estoppel.[2] We affirm.
Background. The parties executed a separation agreement (agreement) which was incorporated into a judgment of divorce nisi in January of 2001. The agreement divided the following assets: marital home, automobiles, personal property, and an escrow account containing proceeds from Gexler's worker's compensation claim.[3] The agreement was silent as to any retirement assets of either party. In 2014, Roberts filed a complaint for property assignment of a marital asset pursuant to G. L. c. 208, § 34. In response, Gexler raised the affirmative defenses of laches, res judicata, and collateral estoppel. After trial, at which both parties testified, the judge ruled that the defense of laches was unavailable in a postdivorce division of assets. She also determined that Gexler did not meet his burden of proof on the remaining affirmative defenses, as the issue of Gexler's pension was not actually litigated. She issued a judgment directing division of the pension. This appeal followed.
Laches. Gexler's reliance on the doctrine of laches is misplaced. This is an action for a postdivorce division of assets, as specifically contemplated by G. L. c. 208, § 34. An action for the division of property may be brought at any time after divorce, and therefore the defenses of laches is not available. Brash v. Brash, 407 Mass. 101, 104-105 (1990).
Res judicata and collateral estoppel. At issue here is whether the parties contemplated and actually litigated the division of Gexler's pension. See Maze v. Mihalovich, 7 Mass. App. Ct. 323, 324 (1979) ; Carpenter v. Carpenter, 73 Mass. App. Ct. 732, 733 (2009). If the issue of the pension had been litigated at the time of the divorce, then Gexler may have met his burden of establishing the facts to support these affirmative defenses. Indeed, a judgment of divorce is res judicata as to those issues that have been actually been litigated and determined. Hay v. Cloutier, 389 Mass. 248, 252 (1983). Here it is undisputed that the agreement makes no mention of any pensions, and Gexler's financial statement, filed at the time of the divorce hearing pursuant to rule 401 of Supplemental Rules of the Probate and Family Court, lists the hand-written word "NONE" under the § 10b heading for "pensions and other retirement plans." Notwithstanding, Gexler contends that the parties agreed that Gexler would retain his pension in exchange for Roberts receiving a portion of his worker's compensation settlement and that his attorney at the time could verify his claim.[4] This attorney died in November of 2012, two years before this action was filed.
Roberts testified that she believed no pension remained after Gexler received his worker's compensation settlement and that she learned of the pension years later, which prompted her to bring this action. The judge credited Roberts's testimony and did not credit Gexler's testimony. Accordingly, she found the issue of the pension had not been litigated and that the doctrines of res judicata and collateral estoppel did not apply. Issues of credibility are within the purview of the trial court judge and should not be disturbed on appeal. See Pierce v. Pierce, 455 Mass. 286, 293 (2009). The judge's findings are supported by the record and we cannot say she abused her discretion in dividing Gexler's pension.[5] We decline to order attorney's fees and costs as requested by Roberts.
Judgment dated October 27, 2015, affirmed.

Gexler has raised no issue with respect to the judge's analysis conducted pursuant to G. L. c. 208, § 34, and therefore we need not address it.

Gexler had worked for United Parcel Service (UPS) for two years before injuring his ankle. Both the pension and worker's compensation settlement flow from his employment at UPS.

The judge found Gexler's testimony contradictory and confusing, as he testified both that his pension was an asset and was not an asset, and that his worker's compensation settlement was not divisible despite the agreement providing for its division.

We have examined all of Gexler's points and arguments. That we have not discussed them means simply that "[w]e find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).