CONTRIBUTORY RETIREMENT BOARD OF ARLINGTON *vs.*
JAMES J. MANGIACOTTI & another.[1]

Middlesex. October 5, 1989. - December 5, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Divorce and Separation*, Division of property, Pension benefits. *Public Employment*, Retirement. *Retirement.*

General Laws c. 32, § 19, permitted a public employee to assign a portion
of his pension interest pursuant to a marital separation agreement
which was supported by a parallel court order under G. L. c. 208, § 34,
for the division of marital assets. [185-186]

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on December 17,
1987.

The case was heard by *Edward J. Rockett*, J., on a state-
ment of agreed facts.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Thomas Paul Gorman* for the plaintiff.

*Judith A. Kelley* for the defendants.

WILKINS, J. On October 21, 1986, a judgment nisi was en-
tered in the Middlesex Probate and Family Court dissolving
the marriage of the defendants. The judge approved a sepa-
ration agreement that survived the judgment of divorce as an
independent agreement. James Mangiacotti was a police of-
ficer in the town of Arlington and a member of that town's
retirement system. On the day the judgment nisi of divorce
was entered, the judge also entered a qualified domestic rela-
tions order consistent with the separation agreement. The or-
der, issued pursuant to G. L. c. 208, § 34 (1988 ed.), di-

[1]Lynne M. Mangiacotti.

rected that a portion of James's pension under the Arlington pension plan for salaried employees be made available to Lynne on James's retirement.

The Arlington contributory retirement board (board) brought this action seeking a declaration that G. L. c. 32, § 19 (1988 ed.), prohibits the assignment of any portion of James's pension as a division of marital property and that the qualified domestic relations order is of no force and effect. A judge of the Probate Court rejected the claim that § 19 forbade the assignment of a public employee's pension rights as part of a division of marital assets under G. L. c. 208, § 34, and entered a judgment declaring that the order of assignment was in full force and effect and directing the board to comply with the order. We transferred the board's appeal here.

Section 19 of G. L. c. 32, which is quoted in part in the margin,[2] provides in its first paragraph that only certain assignments of pension rights will be valid. None of these is an assignment to satisfy financial obligations on divorce. The last paragraph of § 19, which was added in 1981 (St. 1981, c. 428, § 1), authorizes an assignment of public pension rights to satisfy support obligations, at least where the obligation is expressed in a court order. The board contends that

---

[2]General Laws c. 32, § 19, in part, provides: "No assignment of any right in or to any funds, annuities, pensions or retirement allowances under any system shall be valid except such assignment as may be made for the purpose of making restitution in the case of dereliction of duty by any member as set forth in section fifteen, and except such assignment made in writing by a retired member, authorizing the board to withhold each month such amount as he may designate for the payment of subscriber premiums applicable to a hospitalization, medical and surgical insurance, or to a life insurance, in effect with a nonprofit hospital and medical service corporation or insurance company at the time of his retirement, and except such assignment made in writing by a retired member authorizing the board to withhold each month such amount as he may designate for the payment of income taxes levied under the Internal Revenue Code of the United States or the General Laws of the commonwealth. . . .

"Nothing in this section shall prevent a member's annuity pension or a retirement allowance from being attached, taken on execution, assigned, or subject to other process to satisfy a support order under chapter two hundred and eight, two hundred and nine, or two hundred and seventy-three."

we must read the last paragraph of § 19 narrowly and literally so as to permit an assignment of public pension rights to satisfy a support order under G. L. c. 208 but not an assignment of such rights as a division of property under G. L. c. 208.

Here the defendants, formerly husband and wife, want the assignment to be recognized, and their agreement is reflected in a court order. As we have said, the Legislature has allowed assignments of public pension rights "to satisfy a support order." Matters of support and the division of property are so closely interrelated under G. L. c. 208, § 34, that it is difficult to see why they should be treated differently when considering the assignability of public pension rights.[3] The board's construction of § 19 could hinder the equitable resolution of agreements and court orders for alimony and property division, particularly when pension rights are the major marital asset. Moreover, because most pensions are earned by men, the board's construction of § 19 would burden former wives more than former husbands, a result the Legislature was not likely to have intended.[4]

We conclude that the general intention of the Legislature in enacting the 1981 amendment to § 19 was to facilitate the resolution of the financial aspects of divorce (and, we add incidentally, the resolution of support obligations before divorce). We, therefore, include within § 19's authorization of the assignment of public pension interests all assignments made pursuant to a marital separation agreement and not just assignments for support, at least when the assignment is supported by a parallel court order entered under G. L. c. 208, § 34.[5]

*Judgment affirmed.*

[3]Would the board have taken a different view if the order had characterized the assignment as one made for alimony or perhaps partially in lieu of alimony?

[4]The board makes no reasoned argument here that the order is incapable of administration or that an assignment for support is easier to administer than a partial assignment for division of property.

[5]We express no view concerning a situation in which there has been no assignment by the person entitled to the public pension.