562     71 Mass. App. Ct. 562 (2008)

Massaro v. Walsh.

FREDERICK M. MASSARO & another[1] vs. E. DENIS WALSH
& another.[2]

No. 06-P-1828.

Suffolk. November 16, 2007. - April 14, 2008.

Present: CYPHER, VUONO, & GRAINGER, JJ.

*Judgment,* Preclusive effect.

Discussion of the doctrine of claim preclusion. [564-566]
A Superior Court judge properly granted summary judgment in favor of the
   defendant in a civil action on grounds of claim preclusion, where the par-
   ties had previously stipulated to the dismissal of an earlier contract-based
   action the plaintiff had filed against the defendant, and where the plaintiff
   could have amended the complaint in the first action to include the fraud-
   based claims that he sought to raise in the second action. [566-567]

CIVIL ACTION commenced in the Superior Court Department on
December 20, 2005.

The case was heard by *Ralph D. Gants,* J., on a motion for
summary judgment.

*John E. Bowman, Jr.,* for the plaintiffs.

*Robert B. Carpenter* for the defendants.

CYPHER, J. We are asked in this case whether a complaint
filed by the plaintiff, Frederick M. Massaro, against the defen-
dant, E. Denis Walsh,[3] after the parties earlier had resolved an
action filed by Massaro, was properly dismissed by a Superior
Court judge on grounds of claim preclusion. We conclude that
the complaint was properly dismissed.

*Factual background.* Massaro and Walsh were equal partners

---

[1] Marian Massaro.

[2] Eugenia Walsh.

[3] Although this case is captioned as including the spouses of the plaintiff
and the defendant, neither spouse is referred to in the record as playing any
role in the events in issue, and for simplicity we shall refer to the parties by
their singular surnames.

engaged in commercial real estate ventures since the 1980's. Sometime in late 2002, the partners discussed their differing objectives for their real estate holdings. These conversations led to the development of a formal agreement, prepared by their attorneys and executed on January 1, 2003, which established the terms for Walsh to buy Massaro's interest in the partnership (buy-out agreement). In addition to retaining Massaro to provide management, consulting, and construction supervision services, purchase prices were agreed upon for three properties owned by the partnership. Purchase of one of the properties, a tenanted warehouse known as 440 McClellan Highway in the East Boston section of Boston (440 McClellan property), required an additional payment to Massaro depending on whether it was sold for more than the agreed price and within one, two, or three years after execution of the buy-out agreement.

In October, 2004, Walsh received, and accepted, an offer for the sale of the 440 McClellan property that exceeded the stated price in the buy-out agreement. In the course of determining the additional payment to be made to Massaro, the parties executed a letter agreement on February 14, 2005 (letter agreement), establishing the amount due Massaro for the 440 McClellan property, which would be paid at the closing of the sale of that property. Together with other payments and actions specified, the partners agreed that Walsh's obligations under the buy-out agreement then would be "completely satisfie[d]."

However, prior to closing on the 440 McClellan property, Walsh, concerned over a request from a former associate for a portion of the proceeds, asked Massaro to confirm that the February 14 letter satisfied all their obligations under the buy-out agreement. Massaro refused to do so. Walsh nevertheless proceeded with the closing and received the proceeds.

Massaro filed a verified complaint in the Superior Court in April, 2005, seeking injunctive relief, payment of the amount due under the buy-out and letter agreements, and other damages, alleging that Walsh and his escrow attorney were in breach of the buy-out agreement by refusing to pay Massaro his share of the proceeds after the closing; that the escrow attorney was in breach of her fiduciary duty by releasing from escrow and discharging an assignment of mortgage Massaro had submitted,

Massaro *v.* Walsh.

as well as releasing the proceeds from the closing to Walsh; and that both were in violation of G. L. c. 93A (the first action).

Following communication between the partners, and payment by Walsh of amounts due Massaro, the partners filed a stipulation of dismissal of the first action with prejudice, on February 22, 2006. Unbeknownst to Walsh, Massaro had filed another complaint against Walsh on December 20, 2005 (the second action), containing counts alleging breach of fiduciary duty by Walsh and acts of fraud, misrepresentation, and deceit, which allegedly had induced Massaro to enter into the buy-out agreement, as well as a count for violation of G. L. c. 93A. Massaro did not disclose on the cover sheet for the second action that a prior action between the parties was pending in that court. Walsh had not been informed of the second action by Massaro, and was not served until March 1, 2006.

Walsh filed a motion for summary judgment in July, 2006, seeking dismissal of the second action. After a hearing, the judge allowed Walsh's motion in August, 2006, concluding that (1) Massaro's claim of fraud was precluded because Massaro was aware of the grounds for the alleged fraud and could have raised that issue before stipulating to the dismissal of the first action; and (2) because Massaro neither informed the court of the pending first action nor timely notified Walsh of the second action, he unacceptably manipulated court proceedings, and therefore was judicially estopped from maintaining the second action.[4] The judge dismissed the second action.

*Discussion.* Massaro seeks to vacate the summary judgment allowed for Walsh, arguing that the judge committed an error of law. We review the record materials under well-established summary judgment principles. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

1. *Application of claim preclusion principles.* "The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were *or should have been* adjudicated in the ac-

---

[4]As we conclude, *infra*, that the judge properly applied the doctrine of claim preclusion to bar the second action, we need not reach any issue as to the alternative basis, judicial estoppel, relied upon by the trial court judge.

tion" (emphasis supplied).[5] *Heacock* v. *Heacock*, 402 Mass. 21, 23 (1988). See *Bagley* v. *Moxley*, 407 Mass. 633, 637 (1990). "The doctrine [of claim preclusion] is a ramification of the policy considerations that underlie the rule against splitting a cause of action, and is 'based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.' " *Heacock* v. *Heacock*, 402 Mass. at 24, quoting from *Foster* v. *Evans*, 384 Mass. 687, 696 n.10 (1981).

The rule against claim splitting "states that the entry of a 'valid and final judgment extinguishes . . . all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' Restatement (Second) of Judgments § 61(1) (Tent. Draft No. 5, 1978).[6] This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 163 (1999). See *Heacock* v. *Heacock*, 402 Mass. at 24; *Tinkham* v. *Jenny Craig, Inc.*, 45 Mass. App. Ct. 567, 571 (1998). "Claim preclusion applies 'even though the claimant is prepared in a second action to present different evidence or legal theories to

---

[5]The doctrine of claim preclusion requires three elements: (1) identity or privity of the parties, (2) identity of the cause of action, and (3) a prior final judgment on the merits. *Kobrin* v. *Board of Registration in Med.*, 444 Mass. 837, 843 (2005). Only the second element is discussed at length. No issue was raised as to the identity of the parties below, and the appellant may not contest that element for the first time on appeal. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977). As to the third element, the dismissal by stipulation of the first action constituted a final judgment on the merits. "[F]or the purposes of res judicata analysis, the dismissal with prejudice of [the first action] constituted 'an adjudication on the merits as fully and completely as if the order had been entered after trial.' " *Bagley* v. *Moxley*, 407 Mass. 633, 637 (1990), quoting from *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 157-158 n.8 (1979). Cf. *Tuite & Sons, Inc.* v. *Shawmut Bank, N.A.*, 43 Mass. App. Ct. 751, 755 (1997) ("If the stipulation is made with prejudice, it can bar subsequent litigation regarding the same claim").

[6]The wording of the tentative draft now appears, substantially, in Restatement (Second) of Judgments § 24(1) (1982). See *Day* v. *Kerkorian*, 61 Mass. App. Ct. 804, 811-812 (2004).

support his claim.' *Heacock* v. *Heacock, supra* at 23. This is so because 'the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.' *Foster* v. *Evans*, 384 Mass. 687, 696 n.10 (1981), quoting A. Vestal, Res Judicata/Preclusion V-401 (1969)." *Bagley* v. *Moxley*, 407 Mass. at 638.

Here, we have a first action, resolved by the parties by stipulation of dismissal, and the initiation of a second action. Comparison of the complaints reveals that the doctrine of claim preclusion applies. Massaro's complaint in the first action contained five counts: count I alleged that Walsh was in breach of the buy-out agreement; count II alleged that Walsh's escrow attorney was in breach of contract; count III alleged that Walsh's escrow attorney was in breach of her fiduciary duty as escrowee; and counts IV and V alleged that the conduct of the respective defendants violated G. L. c. 93A. Massaro's complaint in the second action contained three counts: count I alleged breach of Walsh's fiduciary duty as a partner, shareholder, and member of a close corporation; count II alleged acts of fraud, misrepresentation, and deceit; and count III alleged actionable conduct under G. L. c. 93A, § 11.[7]

The focus of the alleged acts of fraud, misrepresentation, and deceit was Massaro's assertion of a "scheme" in which Walsh withheld from him the basis for the determination of the values of the properties stated in the buy-out agreement, and kept secret the negotiations leading to the disposition of the properties. Massaro asserts that had he known how Walsh arrived at the determinations of value, "no agreement would have been reached on a buyout, or the terms would have been dramatically different." Accordingly, he alleges that he was fraudulently induced to enter into the buy-out agreement, selling his interest in the partnership for a lesser value.

While the first action sought enforcement of Massaro's claim to the payments stated in the buy-out agreement for the properties, the second action sought to undo the agreed payments on the ground that Massaro was fraudulently induced to accept the

---

[7]The G. L. c. 93A claims could not be maintained. "It is well established that disputes between parties in the same venture do not fall within the scope of G. L. c. 93A, § 11." *Szalla* v. *Locke*, 421 Mass. 448, 451 (1995).

values stated for the properties. It is not disputed that Massaro knew that he had such a claim by May 8, 2005, shortly after he filed the first action on April 13, 2005.[8] That first action was not settled until the parties stipulated to the dismissal of judgment entered on February 22, 2006. No reason appears why Massaro could not have amended the first complaint to add his fraud-based claims. Nothing stood in Massaro's way to prevent him from pursuing, through discovery, a factual basis to support his fraud-based claims. Compare *Gloucester Marine Rys. Corp.* v. *Charles Parisi, Inc.*, 36 Mass. App. Ct. 386, 391-392 (1994). It is apparent from this record that Massaro's second action is an attempt to seek relief not sought in the first action. Such claim splitting is precluded, and the judge properly concluded that Massaro was barred from raising the fraud-based claims in the second action.

*Judgment affirmed.*

---

[8]In an affidavit, Massaro stated that at least by May 8, 2005, he discovered for the "first time" that Walsh had deceived him when he entered into the buy-out agreement, and then "grew concerned that [he] had been victimized by fraud."

Massaro's later discovery, in a May 31, 2006, affidavit filed by Walsh, that Walsh had an appraisal for the 440 McClellan property substantially higher than the value agreed to in the buy-out agreement, does not change the basis of Massaro's initial discovery of fraud on May 8, 2005, to a date after the stipulation of dismissal.