PATRICIA E. CARPENTER vs. STANLEY R. CARPENTER.

No. 07-P-327.

Worcester. December 13, 2007. - February 25, 2009.

Present: PERRETTA, COHEN, & GRAINGER, JJ.

*Divorce and Separation,* Division of property, Pension benefits, Reopening of
   proceedings, Modification of judgment. *Res Judicata. Collateral Estoppel.
   Estoppel.*

At the trial of a postdivorce complaint seeking a division of the husband's
   municipal pension, the Probate and Family Court judge erred in awarding
   the wife forty percent of the marital coverture of the pension, where the
   husband sustained his burden of proving that the wife was precluded from
   seeking a division of that asset because the judge who had presided over
   the original divorce proceeding had considered and resolved the question
   of the pension, in that the husband's testimony concerning the division of
   his pension during the divorce proceeding was credible, and the record of
   the wife's postdivorce conduct (i.e., her failure for eighteen years, despite
   several opportunities, to assert a lack of division of the husband's pension)
   substantiated the husband's testimony. [738-742]

COMPLAINT for divorce filed in the Worcester Division of the
Probate and Family Court Department on October 4, 1985.

A postdivorce complaint for division of marital property,
filed on December 8, 2004, was heard by *Susan D. Ricci*, J.

*Mark I. Zarrow* for the husband.

*Thomas V. Murray, Jr.*, for the wife.

PERRETTA, J. Almost twenty years after the entry of a judg-
ment of divorce nisi that provided that the parties' "marital
property shall be divided with formula advanced by [Stanley R.
Carpenter (husband)]," Patricia E. Carpenter (wife) filed a post-
divorce complaint pursuant to G. L. c. 208, § 34, seeking a
division of the husband's municipal pension. The judge who
presided at the trial on the postdivorce complaint (second judge)
was not the judge who conducted the proceedings on the divorce

complaint (first judge). The husband testified during the trial on the postdivorce complaint that his pension was addressed during the division of the marital estate at the time of the divorce. The second judge found the husband's testimony credible but concluded that because his testimony was not substantiated by any findings of fact made by the first judge or the record of the divorce proceedings, he had failed to sustain his burden of proof on his affirmative defense of res judicata. She then assigned to the wife forty percent of the marital coverture portion of the husband's pension. On the husband's appeal, we conclude that the husband sustained his burden of proof and reverse the judgment.

1. *Background.* It is undisputed that during their marriage (the parties were married on September 6, 1969), the husband worked as an automobile mechanic and a police officer. In addition to being a homemaker, the wife worked outside the home as a clerk and receptionist. Their one child was born in 1970.

a. *The proceedings on the husband's complaint for divorce.* On October 4, 1985, the husband filed a complaint seeking a divorce, custody of their then minor child, and a division of marital assets pursuant to G. L. c. 208, § 34. Proceedings on the husband's complaint culminated in a judgment of divorce nisi dated June 16, 1986. The judgment awarded joint legal custody of the child to the parties, with physical custody in the husband, and ordered that the wife pay child support in the weekly amount of twenty dollars plus one-half the amount of the child's medical and dental expenses, and that the husband have the use and occupancy of the marital home. The judgment also provided that the marital property was to be divided in accordance with the formula advanced by the husband. A one-page handwritten list of personal property to be retained by the wife, i.e., household items, was attached to the judgment. This attachment or addendum to the judgment bears the initials of the first judge as well as the notation that "both [parties] agree 6/16/86."[1] As neither the husband nor the wife took an appeal from the judgment, the first

---

[1]The first judge's worksheet in the 1986 divorce proceeding was admitted as an exhibit at the trial on the wife's complaint seeking a postdivorce division of the husband's pension. The worksheet recites that the "marital property

judge did not prepare written findings of fact or conclusions of law, nor was he required to do so.[2]

A little over a month later, on July 31, 1986, the husband filed a complaint for contempt against the wife, who apparently had yet to vacate the marital home. Judgment on that complaint was entered on August 19, 1986. Although the first judge did not find the wife in contempt, he ordered her to leave the former marital residence, and to "pay the sum of $20.00 per week as child support but payable when the child is emancipated." The judgment on the husband's contempt complaint also provided that the wife "shall have her $10,000.00 automobile; when child is emancipated, [the wife] will receive $48,650.00 and now $10,000.00."[3]

On August 29, 1986, the wife filed a notice of appeal from the judgment entered on the husband's contempt complaint,

---

[is] to be divided with formula advanced by father," and then sets out the following computations and notations:

"Marital home

| "House | 130,000.00 | |
|--------|-----------|---|
| | -26,000.00 | [apparently the amount of the mortgage] |
| "Equity | 104,000.00 | |
| "Wife auto | 10,000.00 | |
| "Husband's | 2,000.00 | |
| | 116,000.00 | |
| "1/2 | 58,000.00 | |

"He gets 8,500 loan

"He pays her 10,000 and bal[ance] of 48,000 in 24 months."

[2]See Mass.R.Dom.Rel.P. 52(a) (1984). See also *Warman* v. *Warman*, 21 Mass. App. Ct. 80, 82 (1985); *Heacock* v. *Heacock*, 30 Mass. App. Ct. 304, 304 n.1 (1991); Harvey, Moriarty & Ryan, Massachusetts Domestic Relations § 12-37 (4th ed. 2003). Moreover, we have not been provided with a transcript of those proceedings. The question remains whether it is even possible to obtain for the first time a transcript of proceedings conducted eighteen years earlier.

[3]The first judge's worksheet in the contempt action was also an exhibit at the trial on the wife's complaint seeking a postdivorce division of property. That worksheet sets out the following computations and notations:

| "150,000.00 | [apparently the then value of the former marital residence] |
|-------------|------------|
| -24,700.00 | [apparently the mortgage on the former marital residence] |
| "125,300.00 | [equity] |

then withdrew her appeal and filed a motion in which she requested that the first judge clarify and amend the "judgment by further providing for disposition of the marital assets, more specifically, the [former] marital dwelling." Next, on October 3, 1986, the wife filed a complaint in which she alleged that the husband was in contempt of certain property division orders. No action appears to have been taken on either the motion or the complaint.

On July 22, 1991, shortly after the emancipation of the parties' child, the wife filed a motion seeking a determination of the husband's obligations to her in respect to her interest in the marital home ($48,650), less any amount she owed to the husband for her unpaid child support obligations and her portion of the child's uninsured medical and dental expenses. Her complaint resulted in an order that incorporated a stipulation of the parties dated July 24, 1991, as to the precise amounts to be paid by the husband to the wife and that also provided that the wife was no longer responsible for the child's "support, education, medical and dental expenses of any kind."

b. *The postdivorce complaint seeking a division of the husband's pension.* All was thereafter quiet until December 8, 2004, when the wife brought a complaint seeking for the first time an equitable division of the husband's pension. The husband answered the complaint and asserted the affirmative defenses of res judicata, collateral estoppel, issue preclusion, and laches.[4] He also counterclaimed, requesting that the wife be ordered to

| | |
|---|---|
| "10,000.00 | her car |
| "2,000.00 | his car |
| "137,300.00 | [less one half that amount] |
| "-68,650.00 | |
| "-10,000.00 | car |
| "58,650.00 | |
| "-10,000.00 | cash |
| "48,650.00 | when [child] is emancipated |

"The $20 payment toward support of [child] will be paid when house is sold."

[4]In *Brash* v. *Brash*, 407 Mass. 101, 104-105 (1990), the court, in reliance upon Mass.R.Dom.Rel.P. 8(c) (1989), held that where there had been no previous division of marital property, the common-law defense of laches was not a bar to a postdivorce complaint seeking a division of marital assets

contribute to the expense of the child's college education, and unsuccessfully sought dismissal of the wife's complaint.[5]

It was the position of the wife at the trial on her postdivorce complaint that because the pension was never addressed or divided by the first judge at the time of their divorce or in any proceeding thereafter, a division of the husband's municipal pension properly could be adjudicated on her current complaint. The husband countered that because his pension was in fact addressed and accounted for during the divorce proceedings, the wife was barred from seeking an equitable division of that asset.

At trial on this complaint, the second judge allowed the request of both the husband and the wife that they be allowed to present evidence on both predivorce and postdivorce circumstances as to the relevant factors set out in G. L. c. 208, § 34, in determining any allocation of the husband's pension in the event that she should conclude that a division of the pension was required. But see *Pare* v. *Pare*, 409 Mass. 292, 296 n.4 (1991); *Johnson* v. *Johnson*, 53 Mass. App. Ct. 416, 421 (2001). Both the husband and the wife thereafter offered evidence as to the § 34 factors; we see no need to relate the second judge's detailed and comprehensive findings other than those relevant to the issue of the husband's reliance upon the affirmative defense of res judicata and discussed in part 3, *infra*.

More relevant to our decision is the fact that both the wife and the attorney who represented her during the divorce proceedings acknowledged that they knew of the husband's pension at the time of those proceedings.[6] The husband related that during

---

pursuant to G. L. c. 208, § 34. Because the husband's answer to the wife's complaint there raised only the doctrine of laches, the court cited to Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1985), in support of its conclusion that he had waived his right to argue on appeal that the wife's complaint was barred by the doctrine of res judicata.

[5]The second judge correctly dismissed the husband's counterclaim by which he sought equal contribution from the wife for the child's college education. She did so on the basis of their stipulation of July 24, 1991, in which the wife was relieved of all responsibility "for the child support, education, medical and dental expenses of any kind of the formerly minor child." Because of our conclusion in this case, we see no need to consider whether the second judge erred in denying the husband's motion to dismiss the wife's postdivorce complaint.

[6]In response to questioning, the wife acknowledged that neither she nor her

the divorce proceedings, the first judge asked him and the wife whether they could work out an agreement. He related how he, the wife, and their attorneys then met outside the court room and reached agreement as to some matters. According to his testimony, one of the matters upon which they did agree was that he would keep his pension and the wife would keep her entitlement to her Social Security benefits.[7]

c. *The judgment on the postdivorce complaint.* On the facts found by her, the second judge concluded that although the husband offered "credible testimony" that the first judge "did divide all assets, including [the husband's] pension at the date of divorce," there were no findings of fact, record support, or evidence available "to substantiate his claim." It is on that basis that the second judge concluded that division of the husband's pension was not barred by the doctrine of res judicata. Based upon the testimony of the husband and wife concerning the factors set out in G. L. c. 208, § 34, as well as the tax implications of any division of the husband's pension, the second judge determined that "a forty (40%) percent division to Wife is appropriate and equitable."

2. *The arguments on appeal.* There is a fundamental disagreement between the parties as to the possible application of the doctrine of res judicata in the context of G. L. c. 208, § 34. The husband argues that once a property division has been litigated and most, if not all, the marital property assigned, principles of claim preclusion prohibit a judge from dividing "any other asset [i.e., his pension] at a later date" pursuant to § 34 where the parties were aware of the asset at the time of the divorce proceedings and in the absence of evidence of fraud.

In contrast, the wife relies upon *Bottiggi* v. *Wall,* 54 Mass.

---

attorney requested the first judge to make an assignment of the husband's pension. She also stated that her attorney should have requested that such an assignment be made. The wife's attorney testified that although he did not remember whether the husband's pension was at issue in the divorce proceedings, he understood that a party's pension was an asset subject to division at the time of a divorce.

[7]We note that although anticipated Social Security retirement benefits are not part of the marital estate subject to division, such benefits may be considered in making an equitable distribution of marital assets. See *Mahoney* v. *Mahoney,* 425 Mass. 441, 446 (1997).

App. Ct. 430, 432-434 (2002), for the proposition that even when some of the parties' marital property is divided upon a divorce, a party may properly obtain a postdivorce division of any asset that was not actually considered, litigated, and determined as part of the divorce proceedings. She asserts that because the husband's pension was not mentioned in any order, judgment, or paper in the divorce proceeding, the husband did not sustain his burden of proving that his pension was actually considered and determined.

3. *Discussion.* Res judicata is a doctrine that includes principles of "claim preclusion" and "issue preclusion." See *Heacock* v. *Heacock*, 402 Mass. 21, 23 n.2 (1988). Although expressed in terms of res judicata, the husband's argument from the outset has been based upon principles of "claim preclusion," that is, the defense that "makes a valid and final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Massaro* v. *Walsh*, 71 Mass. App. Ct. 562, 564-565 (2008), quoting from *Heacock* v. *Heacock*, 402 Mass. at 23. "The doctrine [of claim preclusion] is a ramification of the policy considerations that underlie the rule against splitting a cause of action, and is 'based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.' " *Heacock* v. *Heacock*, 402 Mass. at 24, quoting from *Foster* v. *Evans*, 384 Mass. 687, 696 n.10 (1981). As summarized in *Massaro* v. *Walsh*, 71 Mass. App. Ct. at 565:

> " 'This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action.' *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 163 (1999). See *Heacock* v. *Heacock*, 402 Mass. at 24; *Tinkham* v. *Jenny Craig, Inc.*, 45 Mass. App. Ct. 567, 571 (1998)."

Because claim preclusion is an affirmative defense, "the party asserting it has the burden of establishing the facts necessary to support it." *Akinci-Unal* v. *Unal*, 64 Mass. App. Ct. 212, 220 (2005), cert. denied, 547 U.S. 1206 (2006).

On the other hand, G. L. c. 208, § 34, as amended by St. 1990, c. 467, provides in pertinent part that "[u]pon divorce or upon complaint in an action brought at any time *after* a divorce . . . the court may assign to either husband or wife all or any part of the estate of the other."[8] In *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 324 (1979), we concluded that "where the property rights of the parties have not been previously adjudicated, the Probate Court . . . may assign property pursuant to G. L. c. 208, § 34 . . . after a judgment of divorce has become absolute." In that case, the court rejected the husband's contention that permitting the wife's postdivorce action pursuant to § 34 on that basis would allow a spouse who had failed to obtain a property assignment in the original action in respect to any particular omitted asset to relitigate the issue at a later date in contravention of the usual considerations applicable to the doctrine of res judicata. *Id.* at 326.

Decisions subsequent to *Maze* v. *Mihalovich, supra,* have relied upon that holding in explicitly or implicitly sanctioning postdivorce complaints for division of an omitted marital asset generally involving circumstances where either there was no division of the marital estate *or* a particular asset was omitted from the original division.[9]

Based upon the above-discussed principles of claim preclusion and the language of G. L. c. 208, § 34, we conclude that the decisive issue before us is whether the husband sustained

---

[8]The parties make no argument before us that requires that we consider whether, in 1986, the first judge had the authority under G. L. c. 32, § 19, as amended through St. 1981, c. 428, § 1, to assign a portion of the husband's municipal pension to the wife in the absence of an agreement between them or whether, if no such authority existed in 1986, the husband's pension could later be divided through a postdivorce action following the amendment to G. L. c. 32, § 19, by St. 1993, c. 442. See *Contributory Retirement Bd. of Arlington* v. *Mangiacotti*, 406 Mass. 184, 185-186 & n.5 (1989); *Early* v. *Early*, 413 Mass. 720, 723-725 (1992). See also Kindregan & Inker, Family Law & Practice § 41:9 (3d ed. 2002). Based upon the parties' lack of argument on this point and the discussion in *Early* v. *Early, supra,* our decision proceeds on the assumption that the husband's pension was subject to division under G. L. c. 208, § 34, at the time of their divorce in 1986.

[9]See, e.g., *Hay* v. *Cloutier*, 389 Mass. 248, 252 (1983); *Brash* v. *Brash*, 407 Mass. 101, 104-105 (1990); *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 367 (1985); *Willis* v. *Willis*, 27 Mass. App. Ct. 1144, 1144 (1989); *Bottiggi* v. *Wall*, 54 Mass. App. Ct. at 432-434.

his burden of proving to the second judge that his pension plan was considered and resolved during the proceedings before the first judge on his complaint for a divorce from the wife. Our analysis of what we see as the primary issue begins with the second judge's finding of fact that the husband's testimony that his pension was discussed and decided during the divorce proceedings was credible.

As earlier noted, the husband had the burden of establishing or persuading the second judge of the facts necessary to support his affirmative defense of claim preclusion. See *Akinci-Unal* v. *Unal*, 64 Mass. App. Ct. at 220. Otherwise put, it was the husband's burden to persuade the second judge that his assertion that he had sustained his burden of proof by a fair preponderance of the evidence was more probably true than false. See *Corsetti* v. *The Stone Co.*, 396 Mass. 1, 23-24 (1985); *Goffredo* v. *Mercedes-Benz Truck Co.*, 402 Mass. 97, 102-103 (1988).

Although the second judge found the husband's testimony concerning the division of his pension during the divorce proceedings credible, she concluded that because there was no record support from the divorce proceedings "to substantiate his claim," his pension was subject to a postdivorce division. In other words, the second judge concluded that the husband had failed to sustain his burden of proof because of the absence of a record of the divorce proceedings.

Assuming only for purposes of decision that the husband's "credible" testimony was insufficient to carry the day and that he needed evidence to substantiate his testimony, we think that such substantiating evidence need not be confined to an examination of the court records of the divorce proceedings. Rather, we think that if substantiation of the husband's credible testimony was required for purposes of sustaining his burden of proof, such substantiation appears in the facts found by the second judge concerning the postdivorce conduct of the parties. See, e.g., *Parrish* v. *Parrish*, 30 Mass. App. Ct. 78, 87 (1991).

In the first instance, no record of the divorce proceedings exists because neither the husband nor the wife filed a notice of appeal from the divorce judgment. See note 2, *supra*. The husband's failure to appeal from the judgment is consistent with

his "credible" testimony at the trial on the postdivorce complaint that, at their conclusion, the divorce proceedings had settled every issue important to him, including that he would keep his pension while she would have her Social Security benefits. On the other hand, the wife's failure to appeal is puzzling and inconsistent with her present position in light of her testimony, as well as that of the attorney who represented her during the divorce, that both knew of the husband's pension at the time of the divorce.

Further substantiation of the husband's testimony, if such be necessary, can be found in the record of the wife's actions subsequent to the judgment of divorce dated June 16, 1986, and prior to the bringing of the present complaint on December 8, 2004. As related in part 1.a, *supra,* the record of the wife's postdivorce actions, all taken with full knowledge of the husband's pension, begins within a few months of the divorce judgment.

The record establishes that the wife had opportunity on August 29, 1986, to assert a lack of division of the husband's pension. It is to be recalled that on that date, she filed a motion seeking clarification and amendment of the divorce judgment as it pertained to the disposition of the former marital dwelling while remaining silent on the issue of the husband's pension. On October 3, 1986, the wife filed a complaint alleging that the husband was in contempt of certain property division orders; none of her allegations concerned the husband's pension. Next, on July 22, 1991, soon after the emancipation of the parties' child, the wife filed a motion seeking a determination of the husband's obligations to her as they related to the marital home less any amount she owed him for her unpaid obligation to contribute to the child's support as well as the child's uninsured medical and dental expenses. It was not until December 8, 2004, that the wife brought the present postdivorce complaint seeking an assignment of the husband's pension on the asserted basis that such an assignment had not been made at the time of the divorce.

These matters of record do more than cast doubt upon the wife's version of the facts; they provide the substantiation of the husband's testimony that the second judge concluded was required but missing. Based upon all the evidence presented, we conclude

that the husband sustained his burden of proving that assignment of his pension was comprehended within the judgment of divorce and that the wife is now precluded from seeking a division of that asset.

4. *Conclusion.* It follows from what we have said that the amended judgment entered on the wife's postdivorce complaint assigning to her a portion of the husband's weekly pension benefits is reversed. The matter is remanded to the Probate and Family Court for the entry of a new judgment in accordance with the terms of this opinion.

*So ordered.*