Brennan, PJ.
The plaintiffs have appealed the trial courf s allowance of the defen-
dant’s Mass. R. Civ. P., Rule 12(b) (6) motion to dismiss their G.L.c. 93A complaint on the ground of res judicata. There was no error.
The record in this case, and in the plaintiffs’ initial action (‘‘Chicopee case”),[2] indicate the following. Plaintiff Jahaira Jucino (“Jucino”) was the owner and operator of a motor vehicle that was struck from behind on March 29, 2007 by a vehicle driven by Juan Paulino (“Paulino”). Both Jucino’s and Paulino’s vehicles were insured under standard liability policies that each had purchased from defendant Commerce Insurance Company (“Commerce”). Jucino and plaintiff Isabel Cintron (“Cintron”) asserted that Cintron was a passenger in Jucino’s vehicle at the time of the accident. The plaintiffs received chiropractic treatment for injuries allegedly sustained in the March 29, 2007 collision, and filed claims with Commerce under Jucino’s policy for personal injury protection (“PIP”) payments of their medical bills. On May 2, 2007, Commerce sent a letter to the plaintiffs’ attorney reserving its rights to refuse to pay the plaintiffs’ personal injury claims, cryptically suggesting that undisclosed information, or an unidentified misrepresentation, could invalidate their claims, and stating that its investigation was ongoing.
On May 15, 2007, plaintiffs’ counsel mailed a G.L.c. 93A demand letter to Commerce asserting that Commerce’s investigation of, and failure to settle, the plaintiffs’ claims violated G.L.c. 176D. By letter dated May 30, 2007, Commerce denied any G.L.c. 93A liability.
The plaintiffs commenced the Chicopee action on August 28, 2007. In their six-count complaint, the plaintiffs sought damages for their personal injuries resulting from Paulino’s negligence (counts 1 and 4); for Commerce’s breach of contract in *117 failing to pay PIP benefits under Jucino’s insurance policy (counts 2 and 5), and for Commerce’s unfair claims settlement practices in violation of G.L.c. 176D and G.L.c. 93A (counts 3 and 6). On April 22,2008, a default judgment, without a determination of damages, was entered against Paulino on counts 1 and 4 for his failure to answer interrogatories. On August 29,2008, the court allowed the plaintiffs’ motion to sever the Paulino counts. An assessment hearing was finally held on January 9, 2009, and judgments for the plaintiffs against Paulino were entered on May 10, 2009.[3]
A jury-waived trial of the plaintiffs’ G.Lc. 93A claims (counts 3 and 6) against Commerce was held on October 20, 2009. In an extended pretrial exchange, the judge and the parties identified the issue before the court. Based on the plaintiffs’ complaint and their G.L.c. 93A demand letter, it was concluded that the issue for trial was whether Commerce had violated G.L.c. 176D and G.L.c. 93A between April, 2007, when Commerce received the plaintiffs’ PIP claims, and May, 2007, when it responded to their G.L.c. 93A demand letter without agreeing, or justifying its refusal, to pay their claims. After trial, the court found in favor of the plaintiffs, awarding each $50.00 in double damages and $2,500.00 in attorney’s fees. Judgments for the plaintiffs on counts 3 and 6 were entered on March 3, 2009.
Almost seven months earlier, on August 14, 2008, when their PIP and G.L.c. 93A claims in Chicopee were still open and discovery was ongoing, the plaintiffs had sent a second G.L.c. 93A letter to Commerce demanding $20,000.00 in damages for each plaintiff, plus costs and reasonable attorney’s fees. The second demand letter asserted that Commerce’s response to their first demand letter, sent before the Chicopee action was commenced, had been unsatisfactory; and that Commerce had not yet made an offer of settlement during the course of the ongoing Chicopee proceedings, even after a default judgment was entered against Paulino on the bodily injury complaint counts. The plaintiffs took no action to amend their complaint to include these new G.L.c. 93A assertions during the fourteen months that elapsed between their second demand letter and the trial of their G.L.c. 93A complaint counts.
On March 5,2010, two days after the entry of judgment against Commerce in the Chicopee action, the plaintiffs filed this second suit against Commerce in the Springfield District Court. The plaintiffs’ complaint sought recovery for Commerce’s alleged violations of G.L.c. 176D and G.L.c. 93Ain acts or omissions by Commerce prior to, and during, the Chicopee action.[4] Commerce filed a Rule *118 12(6) (6) motion to dismiss on the ground that the plaintiffs’ new complaint Med to state a claim upon which relief could be granted. Specifically, Commerce argued that this second G.L.c. 93A action by the plaintiffs was barred under the doctrine of claim preclusion. The motion judge correctly allowed Commerce’s dismissal motion.
“Claim preclusion forecloses the litigation of all matters that could or should have been litigated in a prior action.” Charlette v. Charlette Bros. Foundry, Inc., 59 Mass. App. Ct. 34, 44 (2003). The doctrine is a “ramification of the policy considerations that underlie the rule against splitting a cause of action.” Heacock v. Heacock, 402 Mass. 21, 24 (1988). Those “[cjonsiderations of fairness and the requirements of efficient judicial administration dictate that an opposing party in a particular action as well as the court [are] entitled to be free from continuing attempts to relitigate the same claim.” Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee, 75 Mass. App. Ct. 27, 33 (2009), quoting Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974). Claim preclusion is properly invoked upon proof of the following three elements: “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” Tynan v. Attorney General, 453 Mass. 1005 (2009), quoting DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001).
There is no question that the first element is satisfied here because the parties to this second case in Springfield (Jucino, Cintron, and Commerce) were parties to the plaintiffs’ first action in Chicopee, and had the requisite opportunity to litigate their G.L.c. 93A claims fully in that first lawsuit. Carpenter v. Carpenter, 73 Mass. App. Ct. 732, 738 (2009).
Second, the plaintiffs’ claims for G.L.c. 93A relief for Commerce’s unfair settlement practices in violation of G.L.c. 176D, presented in both the Chicopee and Springfield suits, were identical for claim preclusion purposes. Claims are the same if they are “derived from the same transaction or series of connected transactions.” Saint Louis v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399 (1991). See also Massaro v. Walsh, 71 Mass. App. Ct. 562, 565 (2008). “What factual grouping constitutes a ‘transaction,’ and what groupings constitute a ‘series,’ are to be determined pragmatically.” Saint Louis, supra at 399, quoting RESTATEMENT (SECOND) OF JUDGMENTS §24(2) (1980). Relevant to this determination are the issues of whether “the facts are related in origin or motivation and whether they form a convenient trial unit.” Id. The transaction or event that is the origin of the plaintiffs’ claims in both actions is the March 29,2007 automobile accident. All of the plaintiffs’ claims, whether for damages under Paulino’s policy for bodily injuries sustained in the accident, for PIP payments under Jucino’s insurance policy for the costs of medical treatment for those injuries, or for a G.L.c. 93A recovery for Commerce’s failure to investigate or settle those claims in violation of G.L.c. 176D, clearly derive from the automobile accident, and were or could have been presented in the first action in Chicopee.
There is no merit in the plaintiffs’ contention that their Chicopee and Springfield claims are distinct because the Chicopee G.L.c. 93A claims were “brought under a policy of insurance issued to Jahaira Jucino and [are] based on contract,” while their Springfield G.L.c. 93A claims were “brought as a result of a tort under a policy of insurance issued to Juan Paulino.” The argument ignores the obvious point that the plaintiffs brought their PIP and bodily injury claims under both insurance policies in *119 the Chicopee action, and were precluded from then splitting their G.L.c. 93A claims based on Commerce’s handling of those claims. The plaintiffs’ ill-advised election to restrict their Chicopee G.L.c. 93A counts to Commerce’s unfair investigation of, or refusal to settle, their PIP claims did not entitle them to commence this second action on G.L.c. 93A claims that could and should have been litigated in the Chicopee case. Claim preclusion applies even when a plaintiff is prepared to present different evidence or legal theories in the second action. Baby Furniture Warehouse Store, Inc., supra at 34; Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 163 (1979).
Equally devoid of merit is the plaintiffs’ contention that their Springfield G.L.c. 93A counts were not “ripe for hearing” until a final judgment was entered in the Chicopee case. As noted, this Springfield action is based entirely on alleged conduct by Commerce that occurred prior to, or during, the Chicopee action (see n.4, ante). The plaintiffs’ second demand letter referencing those additional allegations against Commerce was sent on August 14, 2008, fourteen months before the trial of their G.L.c. 93A claims in Chicopee. Further, to the extent that the plaintiffs had any cognizable claim for Commerce’s failure to settle the bodily injury claims against Paulino after suit had been commenced, the record is clear that all action on the Paulino counts, including the default judgment, the severance of the counts, an assessment hearing, and the final judgment, was completed well before the October, 2009 trial of the plaintiffs’ G.L.c. 93A counts. The plaintiffs’ obvious recourse and obligation, for which they had ample time and opportunity, was to amend their Chicopee complaint to include all of their G.L.c. 93A and G.L.C. 176D claims against Commerce. Saint Louis, supra at 401. Their failure to do so did not entitle them to commence this second action.
Finally, it is clear that the third requirement for claim preclusion was satisfied in this action as a final judgment on the merits was entered in the Chicopee case.
Judgment of dismissal affirmed.
So ordered.

 On August 28, 2007, the plaintiffs filed an action in the Chicopee District Court (#0720CV0625) against Juan Paulino and Commerce Insurance Company. As the defendant-insurer has filed a separate appeal in that case, the record is before us. For that reason, the plaintiffs’ motion for this Division to take judicial notice of the proceedings in that prior Chicopee action is allowed.

 Total damages of $24,622.29 for Jucino and $22,569.62 for Cintron were awarded. Because Commerce had failed to make any PIP payments, no PIP offset against these amounts was requested. The parties filed a joint stipulation of dismissal of the plaintiffs’ PIP claims (counts 2 and 5) on October 20, 2009.

 The plaintiffs identified the following as Commerce’s unfair claims settlement practices: forwarding the plaintiffs’ claims to Commerce’s Special Investigative Unit without valid reasons for doing so; failing to make an offer of settlement when liability was reasonably clear and offering no valid reason for the absence of a settlement offer; failing to explain the absence of a settlement offer in its response to the plaintiffs’ first c. 93A demand letter; conducting little or no investigation of the plaintiffs’ claims; and thereby forcing the plaintiffs to file a lawsuit to obtain “monies... due for personal injuries] sustained in the accident.”