The very limited record properly before us reflects that plaintiff Howard Bailey's employment with defendant Community Resources for Justice, Inc. (CRJ), terminated in 2005. This action, commenced in November, 2015, is the most recent of several Bailey has since brought against the CRJ, Bailey here alleging that the CRJ failed to "honor[ ] [its] obligation to the terms of DIA # 18718-05";[2] and that the CRJ "tampered with evidence" and "committed perjury and introduced a forged document" in some unspecified earlier proceeding.[3] A Superior Court judge dismissed Bailey's complaint on the CRJ's motion pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). We affirm.
We first observe that Bailey did not oppose the CRJ's motion; he has thus waived his present arguments. See Weiler v. PortfolioScope, Inc., 469 Mass. 75, 86 (2014). In any event, Bailey's allegations are fatally defective, and his complaint properly was dismissed, because he has alleged in his complaint no facts that plausibly suggest he can state any viable cause of action.
Moreover, and to the extent we understand Bailey's allegations, his claims appear to be barred by the earlier judgment in Bailey vs. Community Resources for Justice, Inc., U.S. Dist. Ct., No. 14-CV-11050 (D. Mass. Apr. 3, 2015) (USDC action). Bailey's allegations in the USDC action appear to concern the same general subject matter and factual nexus as those in the matter before us; the two actions are between the same parties; and the prior USDC action was dismissed, on the CRJ's pleading motion, on the merits with prejudice. The USDC judgment is final.[4] Accordingly, all matters now alleged by Bailey either were or should have been raised in the earlier USDC action and he may not relitigate them here. See and compare Massaro v. Walsh, 71 Mass. App. Ct. 562, 564-567 (2008).
No error appearing, the judgment is affirmed.
So ordered.
Affirmed.

Bailey does not amplify this allegation but it appears to be a reference to the $10,000 lump-sum settlement, approved by the Department of Industrial Accidents in 2007, that resolved Bailey's 2005 workers' compensation claim.

In his brief, but not in his complaint, Bailey generally asserts that the CRJ does not provide Bailey's "prospective employers ... factual service dates which make it impossible for him to re-enter the work force." Bailey goes on to assert that the CRJ "is not rehiring [Bailey] because [of] his age and disabled veteran status" and that the CRJ is "misleading the lower court as to important dates, evidence[,] etc., that Boston Municipal Court ruled that [Bailey] was terminated ten days after he stopped work."

We take judicial notice of the USDC action's docket. See Brookline v. Goldstein, 388 Mass. 443, 447 (1983). As reflected on that docket, the judgment entered on April 3, 2015. Bailey did not notice an appeal from the judgment and his motion for leave to file a late notice was denied on June 19, 2015. Bailey did not notice an appeal from the June 19 order. See also § 7 of the affidavit of Ari Zivyon, CRJ's counsel in the Superior Court action, dated December 3, 2015.