On December 12, 2017, a Superior Court judge allowed Richard Boisvert's renewed motion for instructions to the receiver and ordered 10 Commercial Avenue, LLC's (the LLC) receiver to recover from McDonough Electric Construction Corporation (MECC) all past due rent owed to the LLC by any means necessary; the judge also denied the defendant, Kevin McDonough's, cross motion to terminate the receivership and distribute funds.[3] Kevin appeals, claiming that the judge's instructions to the receiver are erroneous because (1) res judicata and impermissible claim splitting preclude Daniel's estate and the receiver from making a claim for unpaid rent; (2) a shareholder's derivative claim against MECC should have been brought by Daniel to recover the allegedly unpaid rent; and (3) the receiver is barred by G. L. c. 156C, § 45 (b ), and by his fiduciary duty from collecting the allegedly unpaid rent. We affirm.
1. Res judicata and claim splitting. Kevin claims that the allowance of the renewed motion for instructions to the receiver is erroneous because the judgment affirmed by a panel of this court in McDonough v. McDonough, 89 Mass. App. Ct. 1128 (2016) (McDonough II ), precludes the claim and also because allowing Daniel's estate to raise the claim now would constitute impermissible claim splitting. We disagree.
"The term 'res judicata' includes both claim preclusion and issue preclusion." Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Id., quoting O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998). Issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). "The invocation of claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation omitted). Kobrin, 444 Mass. at 843.
"The doctrine [of claim preclusion] is a ramification of the policy considerations that underlie the rule against splitting a cause of action, and is 'based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.' " Carpenter v. Carpenter, 73 Mass. App. Ct. 732, 738 (2009), quoting Heacock, 402 Mass. at 24. The rule against claim splitting is "that the entry of a 'valid and final judgment extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' Restatement (Second) of Judgments § 61(1) (Tent. Draft No. 5, 1978). This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." Massaro v. Walsh, 71 Mass. App. Ct. 562, 565 (2008), quoting Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 163 (1979).
Here, neither res judicata nor impermissible claim splitting applies because the claim for unpaid rent is not between the same parties, the parties are not in privity, and there has been no final judgment on the merits of the unpaid rent claim. Kevin acknowledges in his brief that MECC was not involved in the underlying litigation.[4] He instead claims that the LLC, MECC, Kevin, and Daniel (and his representatives) are in privity with one another throughout the litigation because Daniel and Kevin shared equal interests in both MECC and the LLC.[5] However, "[i]t is a basic tenet that a corporation is a legal entity distinct from its shareholders." Seagram Distillers Co. v. Alcoholic Beverages Control Comm'n, 401 Mass. 713, 720 (1988). The instructions to the LLC's receiver are to collect any unpaid rent from MECC, and neither Kevin nor Daniel's representative would be parties to a claim pursuing the unpaid rent. Rather, it would be a claim between two corporate entities -- the LLC, through the receiver, as landlord, and MECC as tenant. Furthermore, "[i]t creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts." Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass. App. Ct. 86, 100 (1999), quoting Sturbridge v. Franklin, 160 Mass. 149, 151 (1893). There was no identity or privity of the parties to the present and prior actions: the LLC and MECC were not parties to the prior action, and Kevin and Daniel were not in privity with the corporate entities.
Additionally, there has not been any valid and final judgment on MECC's liability for any unpaid rent owed to the LLC, though there has been consideration of such a claim occurring in the future. In McDonough II, in explaining why there was no error in the determination that Kevin had not breached his fiduciary duties by reducing the rent, a panel of this court stated:
"Kevin did not, by his action [in reducing the rent] eliminate the LLC's entitlement to receive payment of the full contract rent; instead it simply deferred payment of the full amount during a time in which Kevin concluded (and the trial judge found) that MECC did not have the financial capacity to pay it" (emphasis added).
McDonough II, supra. Moreover, in the February 22, 2013, findings of fact underlying the trial court's judgment in McDonough II, the judge found that
"[a]ccepting a reduced rent from MECC that was still sufficient to cover the LLC's mortgage, without actually amending the lease (so as to protect the LLC's ability to recover back rent owed once things stabilized at MECC ) was a reasonable option" (emphasis added).[6]
Now, during the winding up of the LLC, the receiver may pursue litigation for the full contract rent owed by MECC to the LLC. The instructions to the receiver are not precluded by res judicata or impermissible claim splitting.
2. Shareholder's derivative suit. Kevin also claims that Daniel is now barred from filing a claim for any past due rent through the receiver because Daniel failed to file a shareholder's derivative suit against MECC to recover past due rent, as this too would constitute impermissible claim splitting. We disagree.
The Massachusetts Limited Liability Company Act outlines who may bring suit on behalf of a limited liability company. See G. L. c. 156C, § 56. Kevin claims that Daniel should not be allowed to now request the receiver to attempt to collect unpaid rent from MECC because Daniel should have brought a derivative suit for that unpaid rent on behalf of the LLC. However, this argument acknowledges that the unpaid rent claim belongs to the corporate entity (the LLC), and that the LLC has not yet brought a claim for unpaid rent against MECC, as there was no direct or derivative suit for the unpaid rent. Daniel's failure to pursue a shareholder's derivative suit does not bar the LLC's receiver from now pursuing a claim for unpaid rent.
3. Remaining claims. We briefly address Kevin's remaining claims of error. He additionally argues in effect that G. L. c. 156C, § 45 (b ), and the receiver's fiduciary duties prohibit the receiver from attempting to collect the allegedly unpaid rent from MECC. To do so, he argues, would create a liability in the members of the LLC, because both he and Daniel (who were members of the LLC) were also equal participants in MECC. Thus, such an action would be contrary to their interests. He further argues that it would also create a conflict of interest in the receiver. We disagree.
Kevin claims that G. L. c. 156C, § 45 (b ), does not allow the receiver to pursue the claim for unpaid rent because to do so would affect Kevin's liability. However, the motion judge directly addressed this argument and we agree that a plain reading of G. L. c. 156C, § 45 (b ), is contrary to Kevin's argument. Section 45 (b ) provides authorization for the winding up of affairs for a dissolved limited liability company. This may include prosecuting and defending suits, which shall be done "without affecting the liability of members and managers and without imposing liability on a liquidating trustee." This language, however, is concerned with liabilities with respect to the LLC; the statute does not affect liabilities of the dissolving LLC's individual members arising from unrelated corporate entities. Kevin also claims that the instructions to the receiver create a conflict of interest in the receiver because the receiver will be using monies in which Kevin has an interest to fund the litigation against MECC, and Kevin would oppose such a use of the funds. However, the receiver has the authority under § 45 (b ) to pursue the unpaid rent claim in winding up the affairs of the LLC, and Kevin is not entitled to any distributions of the remaining funds until the LLC's affairs have been wound up. There is no error in the instructions to the receiver.[7]
4. Attorney's fees. Boisvert's request for attorney's fees and costs, pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979), is denied. Although we affirm the judgment, "[u]npersuasive arguments do not necessarily render an appeal frivolous." Avery v. Steele, 414 Mass. 450, 455 (1993).
Order entered December 12, 2017, affirmed.

An appointed receiver is currently winding up the LLC's affairs. Daniel earlier requested dissolution of the LLC, and Kevin did not oppose it during earlier litigation between the parties.

The underlying litigation was a suit brought in Superior Court by Daniel against Kevin for breach of fiduciary duties involving the LLC. When the complaint was filed Daniel did not know that Kevin was reducing the MECC's rent payments from $ 15,000 per month to $ 5,000 per month. When Daniel became aware of this fact he amended his complaint to include an additional breach of fiduciary duty claim against Kevin for his actions.

Kevin purchased Daniel's shares in MECC on November 24, 2014. Daniel's representative currently has no interest in MECC.

For this reason, we also reject Kevin's argument based upon the language employed by the trial court judge in the 2013 judgment. It is clear from her findings of fact and conclusions of law that the judge was not purporting to alter the rental agreement, or thereby the rent owed by MECC to the LLC.

To the extent that Kevin's additional claims rise to the level of appellate argument, we find nothing in them that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).